6 P.3d 831

**Joseph PRATT, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 24642.

Supreme Court of Idaho,
Coeur d'Alene, April 2000, Term.

July 20, 2000.

582

Jeffrey S. Smith, Sandpoint, for appellant, argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Kenneth M. Robins, Deputy Attorney General argued.

TROUT, Chief Justice.

This is an appeal from the district judge's order granting the State of Idaho's motion for summary dismissal of Joseph Pratt's (Pratt) amended petition for post-conviction relief based on ineffective assistance of counsel.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Pratt and his brother, James Pratt, (the Pratts) disguised themselves in black masks and clothing and went to the residence of Louise Turner, in Bonner County Idaho, with loaded firearms on the night of January 11, 1989. The Pratts entered the residence, bound some of the occupants with tape and forced others to look for money. Sheriff's officers arrived while the Pratts were still inside the residence. Pratt twice shot, but did not kill, one of the occupants. The Pratts fled, taking one of the occupants with them as a hostage, although they released the hostage shortly after fleeing.

An automobile chase followed in which the Pratts exchanged gunfire with police. The Pratts drove to a wooded area and fled on foot. Police searched for the Pratts in snowy weather throughout the night and into the afternoon of the next day. Bonner County Sheriff's Deputy Steven Barbieri and Forest Service Officer Brent Jacobson eventually located the Pratts sleeping under a tree in the Smith Creek area and ordered them to surrender. It remains unclear who fired first, however, a gun fight followed in which Officer Jacobson was shot to death. The Pratts fled the area and eventually surrendered at a nearby farmhouse. The Pratts were admitted to the hospital for hypothermia.

Pratt was charged with first degree murder, two counts of attempted murder, eleven counts of aggravated assault and one count each of aggravated battery, kidnapping, rob-

bery and burglary. The State gave notice of its intent to seek the death penalty. Pratt's court appointed counsel, Bruce Greene (Greene), entered the following relevant evidentiary stipulations at trial:

- Pratt possessed a .38 caliber revolver at the Turner residence and fired the weapon at the Turner residence.
- Pratt possessed a .38 caliber revolver when he surrendered.
- Pratt possessed a loaded nine millimeter pistol at Smith Creek and fired the weapon at Smith Creek.
- James Pratt owned a twelve gauge shotgun which was in the trunk of the Pratts' car while at the Turner residence. James Pratt fired three cartridges from the shotgun at a pursuing police vehicle. James Pratt also fired four cartridges at Smith Creek, including one which struck and killed Officer Jacobson.
- The Pratts used electrical and duct tape to bind the occupants of the Turner residence.

Greene's defense of Pratt was premised upon the following three points: (1) Pratt reached a point of safety following the events at the Turner residence which effectively terminated the predicate crimes for felony murder; (2) Pratt was unable to form the intent required for first degree murder and attempted first degree murder because he suffered from hypothermia at Smith Creek; and (3) Pratt fired in self-defense at Smith Creek. A jury returned guilty verdicts against Pratt and he was thereafter sentenced. Among other things, he received twenty-five years to life for the first degree murder of Officer Jacobson with the sentence to run consecutively to the aggravated assault, aggravated assault on a law enforcement officer and attempted first degree murder sentences.

Pratt's appeal of his conviction and sentence to this Court is set forth in *State v. Pratt,* 125 Idaho 594, 873 P.2d 848 (1994). Pratt argued the shooting of Officer Jacobson did not constitute first degree murder as defined in I.C. § 18–4003(b) because Officer Jacobson was not a peace officer. The Court agreed but upheld Pratt's first degree murder conviction and sentence based upon felo-

ny murder as set forth in I.C. § 18–4003(d). The Court affirmed the remaining elements of Pratt's conviction and sentence except for the attempted felony murder conviction which was vacated.

Pratt filed a petition and amended petition for post-conviction relief asserting various claims of ineffective assistance of counsel. Pratt stipulated to summary dismissal of all claims in the petition except two claims of ineffective assistance in which he alleged Greene was ineffective in stipulating to the elements of the crimes charged and in failing to obtain an independent mental evaluation. The state moved for summary disposition on the two remaining ineffective assistance claims, which the district judge granted stating that Pratt had failed to establish his trial counsel's preparation and presentation of the case was inadequate or that he was prejudiced by the alleged inadequacies. Pratt then filed his notice of appeal.

## II.

### STANDARD OF REVIEW

Summary disposition of an application for post-conviction relief under I.C. § 19–4906 is the procedural equivalent of a summary judgment motion under I.R.C.P. 56. *State v. Mathews,* 129 Idaho 865, 868, 934 P.2d 931, 934 (1997). In determining whether a motion for summary disposition is properly granted, the Court reviews the facts in a light most favorable to the petitioner and determines whether the facts would entitle petitioner to relief if accepted as true. *Saykhamchone v. State,* 127 Idaho 319, 321, 900 P.2d 795, 797 (1995). A petition for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence establishing a prima facie case as to each element of the claims upon which the applicant bears the burden of proof. *Berg v. State,* 131 Idaho 517, 518–19, 960 P.2d 738, 739–40 (1998). A petition for post-conviction relief, based on a claim of ineffective assistance of counsel, will accordingly survive a motion for summary dismissal if the petitioner establishes: (1) a material issue of fact exists as to whether counsel's performance was deficient; and (2) a material issue of fact exists as to whether the deficiency prejudiced petitioner's case. *Saykhamchone,* 127

**584**

Idaho at 323, 900 P.2d at 799 (citing *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992)).

## III.

### SUMMARY DISMISSAL WAS PROPER

Pratt's two ineffective assistance of counsel allegations are based on Greene's evidentiary stipulations and on Greene's failure to obtain an independent expert mental evaluation of Pratt. Both allegations amount to conclusory statements which fail to meet the minimum requirements justifying an evidentiary hearing.

### A. Greene's evidentiary stipulations.

 Pratt's only statement regarding the stipulations is as follows:

> Joseph Pratt Was Denied His Constitutional Right to Effective Assistance of Counsel When His Appointed Counsel Stipulated to Every Element Of the Crimes of Felony Murder, Robbery and Burglary At the Beginning of the Trial.

There are no other statements, either in the Amended Petition or in Pratt's affidavit, which present any other information. Conclusory allegations, unsupported by specific facts, do not raise a genuine issue of material fact and will not preclude summary dismissal. *McKinney v. State,* 133 Idaho 695, 699–700, 992 P.2d 144, 148–49 (1999). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *State v. Mathews,* 133 Idaho 300, 306, 986 P.2d 323, 329 (1999), *cert. denied,* 528 U.S. 1168, 120 S.Ct. 1190, 145 L.Ed.2d 1095 (2000) (quoting *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–93 (1984)). The test for evaluating whether a criminal defendant has received the effective assistance of counsel is two-pronged and requires the petitioner to estab-

lish: (1) counsel's conduct was deficient because it fell outside the wide range of professional norms; and (2) the petitioner was prejudiced as a result of that deficient conduct.[1] *Ray v. State,* 133 Idaho 96, 101, 982 P.2d 931, 936 (1999) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693). In assessing the reasonableness of attorney performance, counsel is "presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 329–30 (citing *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695). In addition, strategic and tactical decisions will not be second guessed or serve as a basis for post-conviction relief under a claim of ineffective assistance of counsel unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review. *Giles v. State,* 125 Idaho 921, 924, 877 P.2d 365, 368 (1994), *cert. denied,* 513 U.S. 1130, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995). Pratt has presented no facts which would give rise to a genuine issue as to whether Greene's conduct fell "outside the wide range of professional norms." Moreover, in his affidavit filed as a part of the post-conviction proceeding, Greene's uncontroverted statements indicate the basis for the tactical decisions he made in representing Pratt. We, therefore, find no error in the district judge's summary dismissal of Pratt's first claim of ineffective assistance.

### B. Independent expert mental evaluation of Pratt.

 Pratt's allegation in the Amended Petition is as follows:

> Joseph Pratt was Deprived of His Constitutional Right to Effective Assistance of Counsel When his Appointed Counsel Failed to Obtain An Independent Expert Mental Evaluation and Failed to Force the

---

1. Pratt asserts he need not establish prejudice where counsel's actions amount to a breakdown in the adversarial process and cites *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) in support of the proposition. In *Cronic,* the United States Supreme Court recognized an exception to the *Strickland* prejudice requirement only in egregious circumstances such as when the "accused is denied counsel at a critical stage of his trial," or when the accused is "denied the right of effective cross-examination."

*Cronic,* 466 U.S. at 659, 104 S.Ct. 2039. Greene's decision to enter evidentiary stipulations does not constitute such an egregious circumstance warranting an exception to the *Strickland* prejudice requirement as it was strategically entered to bolster Pratt's credibility and testimony concerning the murder and attempted murder charges. The exception to the prejudice requirement is therefore not applicable to the facts in this case.

State to Prove that Petitioner Possessed the Capacity to Form Criminal Intent Necessary for the Crimes of Burglary and Robbery.

The only relevant factual support for this allegation appears in Pratt's affidavit and reads: "At no time in the pretrial process did my attorney, Bruce Greene, have me evaluated by an expert psychiatrist. At trial, no independent expert mental evaluation was proffered on my behalf."

Pratt's contention again amounts to a conclusory allegation which is not supported by the record and is insufficient to preclude summary disposition. *See McKinney,* 133 Idaho at 699–700, 992 P.2d at 148–49. We therefore hold the district judge did not err in determining that Pratt failed to raise a genuine issue of material fact which would preclude summary dismissal of his amended petition for post-conviction relief.

## IV.

## CONCLUSION

The district judge's order granting the State of Idaho's motion for summary judgment and dismissal of Joseph Pratt's amended petition for post-conviction relief is hereby affirmed.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.