7 P.3d 1107

John S. STANLEY and Lynn M. Stanley, husband and wife, Plaintiffs–Appellants,

v.

Rob McDANIEL, individually and in his agency capacity, and John H. Harland Company, Defendants–Respondents.

No. 25324.

Supreme Court of Idaho, Boise, February 2000 Term.

Aug. 1, 2000.

Lojek & Strother, Chtd., Boise, for appellant. Donald W. Lojek argued.

Eberle, Berlin, Kadin, Turnbow, McKlveen, Chtd., for respondents. Warren E. Jones argued.

SCHROEDER, Justice.

John S. Stanley and Lynn Stanley (Stanley) appeal from a decision of the district court denying a motion for interest on an award of attorney fees. The Court of Appeals affirmed this decision in an unpublished opinion. This is the matter before the Court on Stanley's petition for review.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The background and prior proceedings were summarized by the Court of Appeals as follows:

> On December 1, 1993, John and Lynn Stanley, husband and wife, filed a complaint against John Stanley's former supervisor, Rob McDaniel, and his former employer, John Harland Company. The complaint alleged breach of an employment contract, including the covenant of good faith and fair dealing, the tort of outrageous conduct, and retaliatory discharge in violation of FLSA.

> On November 23, 1994, the trial court granted partial summary judgment to the respondents and dismissed with prejudice all claims except John Stanley's cause of action alleging retaliatory discharge under FLSA. A jury trial was held and the jury returned a verdict awarding $15,208.30 in damages to the Stanleys, which the court doubled pursuant to the liquidated damages provision of FLSA. Stanley sought his attorney fees and costs as authorized by the statute 29 U.S.C. § 216(b). Although Stanley requested $43,527.50 in fees and $3,620.25 in costs, the district court only awarded $15,208.30 in fees and $2,265.29 in costs.

> In the first appeal, the Court of Appeals held that the district court did not properly calculate attorney fees and costs and the case was remanded for recalculation. *Stanley v. McDaniel*, 128 Idaho 343, 913 P.2d 76 (Ct.App.1996). On remand, the district court recalculated the fees and awarded $15,208.30, the identical amount it had awarded in the first instance. Stanley appealed a second time. In an unpub-

lished opinion, the court of appeals held that the district court erred in calculating the "lodestar" because the court made improper deductions from the number of hours submitted by Stanley's counsel. *Stanley v. McDaniel,* 131 Idaho 136, 953 P.2d 220 (Ct.App.1997) (*Stanley II*). The Court of Appeals calculated the amount of attorney fees to be awarded to Stanley, taking into account those adjustments properly made by the district court. The Court of Appeals vacated the district court's order and remanded for the entry of an award of attorney fees to Stanley in the amount of $31,180.

On remand, the district court entered an order awarding attorney fees to Stanley in the amount of $31,180. Stanley moved for an amended judgment, requesting post-judgment interest on the award of attorney fees from the date of the original judgment. The district court denied Stanley's motion.

Stanley appealed the district court's decision and the Court of Appeals affirmed the district court's order denying Stanley's motion seeking interest on the award of attorney fees from the date of the original judgment. This Court granted Stanley's petition for review.

## II.

## STANDARD OF REVIEW

In *Sato v. Schossberger* 117 Idaho 771, 775, 792 P.2d 336, 340 (1990), this Court set forth the standard of review:

> If we decide to review a decision of the Court of Appeals, we ordinarily consider all the issues presented to the Court of Appeals. Occasionally, we may decide to address less than all of the issues presented to the Court of Appeals. In that case, we advise the parties of the issues we will address. As to the issues we decide to address, we consider that we are hearing the matter in the first instance, not merely considering the correctness of the decision of the Court of Appeals. If the issues presented to the Court of Appeals concerned a decision of a district court, we consider the correctness of the district

court's decision. While we value the opinion of the Court of Appeals for the insight it gives us in addressing the issues presented on appeal, we do not focus on the opinion of the Court of Appeals, but rather on the decision of the district court.

## III.

## STATE LAW IS APPLICABLE IN DETERMINING INTEREST ON ATTORNEY FEES.

The first issue is whether federal or state law governs in determining when interest on a judgment applies. Stanley asserts that federal precedent is controlling, and that federal authority provides for interest on attorney fees from the date of the original judgment, December 9, 1994, even though the amount of attorney fees was not determined at that time. McDaniel contends that Idaho law should apply because this action was brought in state court.

The precise issue presented in this case has not been decided by this Court. However, in *Stobie v. Potlatch Forests, Inc.,* 95 Idaho 666, 671, 518 P.2d 1, 6 (1973), the Court made clear that procedural matters would be governed by Idaho law even though the claim was made under federal law. *Id.* at 668 n. 2, 518 P.2d 1. In denying a petition for rehearing, the Court was explicit: "However, this Court is only required to apply federal substantive law." *Id.* at 671, 518 P.2d 1; (citing *Central Vermont R. Co. v. White,* 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433 (1915)). Procedural law is governed by state practice. *Id.* at 671, 518 P.2d 1.

The application of state law to determine interest issues is consistent with the analysis in *Fontaine v. Ebtec Corp.,* 415 Mass. 309, 613 N.E.2d 881 (1993), in which the Massachusetts court applied state law in determining interest to be awarded on a judgment vindicating a federal claim. The court in *Fontaine* noted that federal courts apply a federal statute determining interest on state law claims heard in the federal court: "The Federal courts treat post-judgment interest on state law claims as a matter of procedure governed by Federal statute." *Fontaine,* 415 Mass. at 320, 613 N.E.2d at 892.

State law is applicable in considering Stanley's claim for interest on the attorney fees ultimately awarded in this case.

## IV.

## STANLEY IS ENTITLED TO INTEREST ON THE ATTORNEY FEES FROM THE DATE THE DISTRICT COURT MADE A FINAL DETERMINATION OF THE AMOUNT OF ATTORNEY FEES DUE.

█ In *Long v. Hendricks,* 117 Idaho 1051, 793 P.2d 1223 (1990) (*Long III*), the Court considered an award of interest, determining that *Long* was not entitled to interest on additional wages from the date of the original judgment because the amount was not ascertainable. On the other hand, interest was allowable from the date of the original judgment for medical expenses that were liquidated. This Court has recently affirmed the analysis in *Long* in its decision in *Bouten v. H.F. Magnuson Company,* 133 Idaho 756, 992 P.2d 751 (1999). The Court determined that interest is not to be awarded on "unliquidated" amounts, and that interest should run from the date of the supplemental judgment and not from the date of the district court's original judgment.

The amount of attorney fees due to Stanley was not ascertainable until the district court entered the award of $31,180 following remand from the Court of Appeals.[1] That amount was paid within a few days of entry of the order in the district court.

## V.

## NO ATTORNEY FEES ARE AWARDED.

█ Attorney fees and costs on appeal are appropriate under I.C. § 12–121, I.R.C.P. 54(e)(1), and I.A.R. 41, only if this Court is left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably, and without foundation. *Anson v. Les Bois Race Track, Inc.,* 130 Idaho 303, 305, 939 P.2d 1382, 1384 (1997). Where an appeal turns on questions of law, an award of attorney fees under this section is proper if

the law is well settled and the appellant has made no substantial showing that the district court misapplied the law. *Andrews v. Idaho Forest Indus., Inc.,* 117 Idaho 195, 198, 786 P.2d 586, 589 (Ct.App.1990); *Cf. Thompson v. Pike,* 125 Idaho 897, 876 P.2d 595 (1994) (court declined to award attorney fees under I.C. § 12–121 in a legal malpractice action because it did not believe the appeal was frivolous).

The appeal in this case involved an issue of law concerning the application of state or federal law on a federal law claim brought in state court. This issue had not been decided by this Court. Consequently, the Court will not award attorney fees.

## VI.

## CONCLUSION

The decision of the district court is affirmed. No attorney fees are awarded. Costs are awarded to McDaniel.

Chief Justice TROUT, Justices SILAK and WALTERS, and Justice Pro Tem HART concur.

---

1. Arguably, that amount was ascertainable when the Court of Appeals made its decision, but that

position has not been presented to the Court.