21 P.3d 924

**Thomas Dale RAUDEBAUGH,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 26946.

Supreme Court of Idaho,
Boise, January 2001 Term.

April 2, 2001.

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for appellant. Molly J. Huskey argued.

Alan G. Lance, Attorney General, Boise, for respondent. T. Paul Krueger, II, argued.

SCHROEDER, Justice.

Thomas Raudebaugh (Raudebaugh) appeals the district court's order dismissing his second amended petition for post-conviction relief. The Court of Appeals affirmed in part, vacated in part, and remanded the case for further proceedings. This matter is before this Court upon the state's petition for review of the Court of Appeals decision.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Raudebaugh was convicted of second degree murder and sentenced to a unified life sentence with ten years fixed, followed by a weapons enhancement of five years, to run consecutively. He appealed the conviction, alleging several errors by the trial court including: erroneous jury instructions, the erroneous admission of both expert and lay testimony, and prosecutorial misconduct in closing argument. This Court affirmed the district court. See State v. Raudebaugh, 124 Idaho 758, 864 P.2d 596 (1993).

Raudebaugh filed a petition for post-conviction relief and a first amended petition for post-conviction relief. He then filed a motion for production of evidence, including a knife, which was the murder weapon, a pipe, and his fingerprint exemplar. Raudebaugh sought to have the evidence released and examined by an independent expert to determine whether additional fingerprints could be identified on the knife after the state's expert found none. The district court denied the discovery request "without prejudice subject to review at a future time." Raudebaugh then filed a second amended petition. The state moved to dismiss the petition pursuant to I.C. § 19–4906(b) and (c). The district court granted the state's motion. Raudebaugh appealed the district court's order.

The Court of Appeals affirmed in part, vacated in part, and remanded the case for further proceedings. The Court of Appeals determined that the district court erred in denying the discovery request and remanded the case to the district court to render a decision applying what the Court of Appeals stated was a new standard for discovery requests in post-conviction relief proceedings. Although the Court of Appeals found error in the district court's order regarding Raudebaugh's prosecutorial misconduct allegations, the court affirmed that portion of the decision on different grounds. The state filed a timely petition for review which this Court granted.

## II.

### STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the decision of the trial court directly. State v. Avelar, 129 Idaho 700, 702, 931 P.2d 1218, 1220 (1997). This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the trial judge's decision. See Stanley v. McDaniel, 134 Idaho 630, 7 P.3d 1107 (2000); State v. Weaver, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). In Sato v. Schossberger 117 Idaho 771, 775, 792 P.2d 336, 340

(1990), this Court set forth the standard of review:

> If we decide to review a decision of the Court of Appeals, we ordinarily consider all the issues presented to the Court of Appeals. Occasionally, we may decide to address less than all of the issues presented to the Court of Appeals. In that case, we advise the parties of the issues we will address. As to the issues we decide to address, we consider that we are hearing the matter in the first instance, not merely considering the correctness of the decision of the Court of Appeals. If the issues presented to the Court of Appeals concerned a decision of a district court, we consider the correctness of the district court's decision. While we value the opinion of the Court of Appeals for the insight it gives us in addressing the issues presented on appeal, we do not focus on the opinion of the Court of Appeals, but rather on the decision of the district court.

*Id., see also McDaniel,* 134 Idaho at 632, 7 P.3d at 1109 (2000); and *Eagle Water Company, Inc., v. Roundy Pole Fence Company, Inc,* 134 Idaho 626, 7 P.3d 1103 (2000).

■ In determining whether a motion for summary disposition is properly granted under I.C. 19–4906, the Court reviews the facts in a light most favorable to the petitioner and determines whether the facts would entitle petitioner to relief if accepted as true. *Saykhamchone v. State,* 127 Idaho 319, 321, 900 P.2d 795, 797 (1995). A petition for post-conviction relief is subject to summary dismissal if the petitioner has not presented evidence establishing a prima facie case as to each element of the claims upon which the applicant bears the burden of proof. *See Pratt v. State,* 134 Idaho 581, 583, 6 P.3d 831, 833 (2000) (citing *Berg v. State,* 131 Idaho 517, 518–19, 960 P.2d 738, 739–40 (1998)).

■ A petition for post-conviction relief based on a claim of ineffective assistance of counsel will survive a motion for summary dismissal if the petitioner establishes: (1) a material issue of fact exists as to whether counsel's performance was deficient; and (2) a material issue of fact exists as to whether the deficiency prejudiced petitioner's case. *Pratt,* 134 Idaho at 583, 6 P.3d at 833 (citing

*Saykhamchone,* 127 Idaho at 323, 900 P.2d at 799).

## III.

## THE DISTRICT COURT DID NOT ERR IN DISMISSING THE PETITION FOR POST–CONVICTION RELIEF ON THE GROUNDS THAT RAUDEBAUGH FAILED TO SUFFICIENTLY ALLEGE TRIAL COUNSEL'S PERFORMANCE WAS PREJUDICIAL.

■ Raudebaugh argues that his trial counsel's performance was deficient and the deficiencies had a prejudicial effect on the outcome of his trial. To support his claim Raudebaugh sought release of the knife that was used as the murder weapon for examination by an expert witness to determine if there was fingerprint evidence that could have assisted him at trial. Raudebaugh admitted striking the victim with a pipe, which had his fingerprints, but denied stabbing the victim. His fingerprints were not found on the knife.

Raudebaugh requested additional time to amend the petition so that an expert could review the evidence and file an affidavit addressing what could have been testified to at trial. Raudebaugh complains that the district court refused to release the evidence but informed him that the issue could be raised later when in fact the district court dismissed the petition without again ruling on the motion for discovery. Consequently, Raudebaugh maintains that he was deprived of the opportunity to show prejudice from the alleged deficiency of his trial attorney's conduct of the case.

The district court did not finally adjudicate that trial counsel's performance was deficient, but did determine that the affidavits provided by Raudebaugh alleged a sufficient factual basis that trial counsel's representation was deficient so that summary disposition would be inappropriate on the first part of the *Strickland* test. However, the district court found that the affidavits and petition failed to set forth facts to establish that trial counsel's performance was prejudicial to the

outcome of the trial, because Raudebaugh made only conclusory and speculative assertions as to what testimony an independent investigator or expert witness might have provided at trial. Consequently, the district court granted the state's motion for summary disposition on this issue.

Raudebaugh claims that the district court erred in determining that he had not provided sufficient evidence to show the prejudicial effects of trial counsel's performance. He maintains that the district court erred by failing to release the murder weapon so that experts could examine it before dismissing the petition because without the requested evidence he was unable to make a showing of prejudice.

■■■ Discovery in post-conviction proceedings is allowed only with authorization by the court pursuant to I.C.R 57(b), which states in relevant part:

> ... the provisions for discovery in the Idaho Rules of Civil Procedure shall not apply to the proceedings unless and only to the extent ordered by the trial court.

I.C.R. 57(b). The decision to authorize discovery during post-conviction relief is a matter left to the sound discretion of the district court. *See Fairchild v. State,* 128 Idaho 311, 319, 912 P.2d 679, 687 (Ct.App.1996) (citing *Griffith v. State,* 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct.App.1992)). Unless discovery is necessary to protect an applicant's substantial rights, the district court is not required to order discovery. *Id.*

The district court reserved ruling on the discovery motion until Raudebaugh filed his second amended petition to see if the petition alleged prejudice. After the second amended petition was filed, the district court determined that the petition and affidavits failed to provide evidence that trial counsel's performance was prejudicial. The petition makes conclusory statements about what an expert and investigator might have testified at trial but does not point to specific facts. The affidavits are primarily concerned with the deficiency of trial counsel's performance, not with the prejudicial effects of the deficient performance.

Raudebaugh argues that once the district court found that trial counsel's conduct was deficient, discovery should have been authorized in the post-conviction action to permit scientific examination or testing without requiring that the post-conviction applicant also show any probability that the independent examination will yield exculpatory evidence. The Court of Appeals accepted Raudebaugh's position. However, this Court rejects that position in this case.

Granting discovery is left to the discretion of the trial court. The test is whether the district court abused its discretion by summarily dismissing the petition without ruling specifically on the discovery request. The district court intended for Raudebaugh to make a showing of prejudice in the second amended petition and concluded that Raudebaugh failed to provide evidence of prejudice sufficient to defeat summary dismissal. The district court's conclusion is based on the fact that Raudebaugh's allegations only argue what the experts might have testified to had trial counsel employed them. Raudebaugh's allegations are speculative. There is no showing that the state's testing was flawed or that there is new technology that would make current testing more reliable. The district court did not abuse its discretion in dismissing the case without authorizing the requested discovery.

## IV.

## RAUDEBAUGH WAS NOT PRECLUDED FROM RAISING CERTAIN ISSUES OF PROSECUTORIAL MISCONDUCT IN POST–CONVICTION RELIEF PROCEEDINGS, BUT ANY ERROR WAS HARMLESS.

■■ Raudebaugh's petition for post-conviction relief cites four claims of prosecutorial misconduct: 1) the prosecutor coached the finger print expert in what to write in his report; 2) the prosecutor failed to disclose the reports of the state's finger print expert, a phone directory seized from the crime scene, and two officers as expert witnesses; 3) the prosecutor's opening statement made claims unsupported in the record; 4) the

prosecutor failed to disclose one of the detective's reports.

In his direct appeal Raudebaugh contested statements by the prosecuting attorney during his closing argument relating to the burden of proof and the manner of the victim's death. The district court found Raudebaugh's claims of prosecutorial misconduct were sufficiently related to the issues raised on direct appeal that they should have been raised on direct appeal. Consequently, the failure to raise them in the direct appeal resulted in their forfeiture.

■ Post-conviction petitions are not substitutes for appeals. It is well established that applicants for post-conviction relief are not allowed to raise issues in post-conviction proceedings that could have been raised on direct appeal unless the issues were not known and could not reasonably have been known during the direct appeal. I.C. § 19–4901(b); *Hollon v. State*, 132 Idaho 573, 581, 976 P.2d 927, 935 (1999); *Rodgers v. State*, 129 Idaho 720, 932 P.2d 348 (1997). Idaho Code section 19–4901(b) states:

> (b) This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction. Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post conviction proceedings unless it appears to the court, on the basis of a substantial factual showing by affidavit, disposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

I.C. § 19–4901(b).

Raudebaugh concedes that his claims regarding the opening statement and the disclosure of experts could have been addressed on direct appeal. However, he contests the district court's finding that the other claims raised in the petition for post-conviction relief are sufficiently related to those raised in the direct appeal such that they should have been raised in the direct appeal.

The state concedes that the district court erred in summarily dismissing the remaining claims without first determining whether the evidence was known at the time of the direct appeal. However, the state argues that regardless of its reasoning, the district court properly dismissed the claims because Raudebaugh failed to establish that a genuine issue of material fact exists regarding this issue, contending that Raudebaugh failed to show how the alleged misconduct amounted to prejudice or reversible error.

Raudebaugh's claims are based on three documents that allegedly were not disclosed to the defense during the criminal proceedings: a handwritten list of telephone numbers found at the crime scene, a report by a police officer referring to a missed appointment, and a letter written by the prosecutor to the State's fingerprint analyst. The first two documents are not exculpatory on their face, and Raudebaugh has given no explanation as to how they could have been useful to the defense. With respect to the third item, Raudebaugh contends that the prosecutor's letter to the fingerprint expert shows that the prosecutor impermissibly coached the expert about what to include in a supplemental report. However, when the letter is examined together with the fingerprint expert's initial report, it is apparent that the prosecutor sought clarification of ambiguities in the first report and was not suggesting any alteration of the expert's findings or shading of the expert's testimony. The letter contains nothing favorable to the defense and does not meet the standard of materiality. Raudebaugh has not demonstrated how the nondisclosure of these documents could have altered the outcome of his trial. The district court's dismissal of the claims of prosecutorial misconduct was proper.

## V.

## CONCLUSION

The decision of the district court dismissing Raudebaugh's petition for post-conviction relief is affirmed.

TROUT, C.J., WALTERS, KIDWELL and EISMANN, JJ., concur.