### Albert LOCKLEY, Appellee

v.

### CSX TRANSPORTATION INC., Appellant.

Superior Court of Pennsylvania.

Argued Feb. 5, 2013.

Filed March 8, 2013.

Andrew E. Tauber, Washington, DC, for appellant.

Lawrence A. Katz, Bala Cynwyd, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, J., and FITZGERALD, J.*

OPINION BY MUNDY, J.:

Appellant, CSX Transportation, Inc., appeals from the March 20, 2012 order, granting Appellee, Albert Lockley's, motion to assess post-judgment interest from the date of the jury's verdict, and denying its motion to strike the same. After careful review, we affirm.

The trial court summarized the relevant facts and procedural history as follows.

[Appellee], age 53, commenced this litigation against [Appellant], pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51–60, and the Federal Locomotive Inspection Act (FLIA), 49 U.S.C. § 20701 *et seq.*

[Appellee] alleged that [Appellant] failed to provide him with a reasonably safe place to work during 34 years of employment on [Appellant's] yard locomotives. [Appellee] also alleged that [Appellant] violated the FLIA by providing faulty seats in the locomotive cab. [Appellee] sought damages for cumulative trauma injuries, including disabling herniated discs, failed surgery on his cervical spine and other serious medical conditions caused by and/or aggravated by, *inter alia*, whole body vibrations, jolts and shocks, awkward postures and defectively mounted seats.

[Appellant] responded by asserting that [Appellee] was provided with a reasonably safe workplace. [Appellant] contended that [Appellee]'s spinal condition [was] the result of age related degenerative changes. [Appellant] presented the jury with its safety training programs and manuals. Further, [Appellant] argued that [Appellee] should have been more proactive to express complaints about neck and back problems. [Appellant] also denied that its seats were not securely mounted and braced.

During two weeks of trial in Spring, 2008, the jury heard from fourteen witnesses, watched several site files and videos, and reviewed hundreds of documents and photos from [Appellee] and [Appellant]. Multiple expert witnesses were presented by each party in the specialty areas of orthopedics, occupational medicine, egonomics [sic], biomechanics, economics, neurology, pain management, and, rehabilitation and vocational counseling. The jury also heard from many fact witnesses who described the work of a Locomotive Yard Engineer.

On May [5], 2008, the jury returned a verdict in favor of [Appellee] in the amount of $2 million. The jury also determined that [Appellee] was 22 percent comparatively negligent for his injuries.

Trial Court Opinion, 3/30/09, at 1–2.

Thereafter, on May 12, 2008, Appellant filed a timely motion for post-trial relief.

The [m]otion was denied on March 30, 2009 by [m]emorandum and [j]udgment [o]rder. The Superior Court affirmed the [t]rial [c]ourt's decision [and our] Supreme Court denied allocator and relinquished jurisdiction on [December 5, 2011]. [*Lockley v. CSX Transp., Inc.*, 5 A.3d 383 (Pa.Super.2010), *appeal denied*, 613 Pa. 668, 34 A.3d 831 (2011).]

On January 5, 2012, [Appellee] filed a [p]raecipe to [a]ssess [p]ost-[j]udgment [i]nterest. On January 9, 2012, [Appellant] filed a [m]otion to [s]trike the

---

* Former Justice specially assigned to the Superior Court.

[p]raecipe. The sole ground specified for relief rested on a challenge based on Rule 1037 of the Pennsylvania Rules of Civil Procedure.

Subsequently, [Appellant] changed the basis of its challenge and asserted a new and different challenge in its [m]emorandum.... At this juncture, [Appellant] assert[ed] that [Appellee]'s post-judgment interest accrues from March 30, 2009.

Trial Court Opinion, 3/20/12, at 1.

On March 20, 2012, the trial court issued an order and memorandum of law denying Appellant's motion to strike the praecipe and granting Appellee's praecipe for post-judgment interest from the date of the jury's verdict on May 5, 2008, rather than from the date of the judgment, March 30, 2009. The trial court awarded total post-judgment interest in the amount of $440,219.18. On April 12, 2012, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises two issues for our review.

[1.] Whether the trial court erred in assessing interest in a FELA case for the period between the jury's verdict and the final judgment[?]

[2.] Whether the trial court erred in finding [Appellant] had lost its opportunity to challenge an assessment of post-verdict interest because it failed to appeal the amount of damages in an earlier appeal predating the assessment of post-verdict interest[?]

Appellant's Brief at 3.[2]

■ We first address Appellant's argument that it did not waive its challenge to the trial court's calculation of post-judgment interest. Appellant's Brief at 14. The trial court concluded that Appellant had waived its right to challenge the award of post-judgment interest because Appellant "failed to directly appeal any claims relating to the amount of the verdict award, or remittitur or offset, [Appellant] gave up its right to present this collateral attack...." Trial Court Opinion, 3/20/12, at 2. We disagree.[3] It is axiomatic that "[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." *Summers v. Summers*, 35 A.3d 786, 790 (Pa.Super.2012) (citation omitted). The certified record reflects that Appellant promptly filed its motion to strike Appellee's praecipe to assess post-judgment interest four days after it was first filed. Appellant challenges the starting date used to calculate the post-judgment interest in this case. Thus, "the appropriate stage of the proceedings" to raise the objection to the imposition of the post-judgment interest was after the trial

---

1. Appellant and the trial court have complied with Pa.R.A.P. 1925.

2. Although we state the issues as Appellant has presented them to us in its brief, we have elected to address them in reverse order for ease of disposition.

3. The trial court suggests that Appellant may have waived its challenge below by first raising its argument in its memorandum of law instead of in its motion to strike. Trial Court Opinion, 3/20/12, at 1. However, Appellant stated in its motion to strike that "federal law applies to this action[ ]" and "[Appellant] disagrees with [Appellee]'s assessment of [post-judgment] interest in this case and believes the figure postulated by [Appellee] is significantly higher than the law permits in a federal action under the FELA and [F]LIA." Appellant's Motion to Strike, 1/9/12, at ¶¶ 1, 5. We further note that Appellee has not raised the issue of waiver in his brief. Based on these considerations, we conclude that Appellant has preserved its issue below, and we decline to find waiver on that basis.

court made its calculation, commencing as of the date of the verdict. *Id.; see Hutchison ex rel. Hutchison v. Luddy,* 946 A.2d 744, 750 (Pa.Super.2008) (addressing challenge to separate post-judgment interest motion granted by the trial court after five appeals). Therefore, we conclude Appellant has not waived its claim challenging the starting date of the trial court's award of post-judgment interest, and we proceed to address the merits of Appellant's claim.

Appellant avers that the trial court erred in calculating post-judgment interest from the date of the jury's verdict. We note Appellant's merits claim presents a question of law. *See In re Novosielski,* 605 Pa. 508, 992 A.2d 89, 99 (2010) (noting that whether federal law preempts state law is a pure question of law). Therefore, our standard of review is *de novo* and our scope of review is plenary. *Id.* Under Pennsylvania law, post-judgment interest is controlled by 42 Pa.C.S.A. § 8101, which provides as follows.

### § 8101. Interest on judgments

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S.A. § 8101; *accord Hutchison, supra* at 752 (concluding under section 8101, "that post-judgment interest should be calculated as of the date the verdict was entered[ ]"). There is no dispute in this case that the March 30, 2009 judgment was entered upon the jury's May 5, 2008 award of $2,000,000.00.

■ However, Appellant argues that the issue of when post-judgment interest should begin to accrue is a matter of substantive law, and therefore federal law should control.[4] Appellant's Brief at 8. As a threshold matter, we must therefore consider whether post-judgment interest should be viewed as a procedural matter, or as one of substantive law. Generally, Pennsylvania courts will apply their own procedural laws, even if the substantive claim is federal. *Rocker v. Harvey Co.,* 370 Pa.Super. 32, 535 A.2d 1136, 1140 (1988); *accord Jae v. Good,* 946 A.2d 802, 809 (Pa.Cmwlth.2008), *appeal denied,* 598 Pa. 790, 959 A.2d 930 (2008), *cert. denied, Jae v. Good,* 555 U.S. 1156, 129 S.Ct. 1042, 173 L.Ed.2d 474 (2009).[5] Our Supreme Court has recognized that "the question of what in particular is substantive and what is procedural is not always clear." *Samuel–Bassett v. Kia Motors Am., Inc.,* 613 Pa. 371, 34 A.3d 1, 55–56 (2011), *cert. denied, Kia Motors Am., Inc. v. Samuel– Bassett,* —— U.S. ——, 133 S.Ct. 51, 183 L.Ed.2d 677 (2012). Our Supreme Court has further noted that "[a]s a general rule, substantive law is that part of the law which creates, defines and regulates rights, while procedural laws are those that address methods by which rights are enforced." *Payne v. Commw. Dep't of Corrections,* 582 Pa. 375, 871 A.2d 795, 801 (2005).

■ Section 8101 does not create a substantive right, rather it builds upon substantive rights already created by the jury's verdict. Once the jury has rendered its verdict, the amount to which the plain-

---

**4.** We note that FELA does not address the issue of post-judgment interest.

**5.** We note that "[t]his Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." *Petow v. Warehime,* 996 A.2d 1083, 1088 n. 1 (Pa.Super.2010) (citations omitted), *appeal denied,* 608 Pa. 648, 12 A.3d 371 (2010).

tiff is entitled has already been resolved. Similarly, in a federal action such as FELA, once the jury has rendered its verdict, the plaintiff's right of recovery under federal substantive law has been fulfilled. All that remains is to collect the amount of the award from the losing party. Post-judgment interest does not serve to compensate the plaintiff for any damages, the jury's verdict has already accomplished that. Rather, "[p]ost[-]judgment interest serves two important functions—it compensates the judgment creditor for the loss of use of the money until the judgment is paid and it acts as an incentive for the judgment debtor to pay the judgment promptly." *Roden v. AmerisourceBergen Corp.*, 186 Cal.App.4th 620, 113 Cal. Rptr.3d 20, 52 (2010) (citation omitted).

Additionally, we note that three federal circuits have viewed post-judgment interest as procedural. The United States Court of Appeals for the Fifth Circuit best explained the characterization as follows.

> Post[-]judgment interest has a substantive characteristic because the applicable rate of interest and rules of accrual can increase or decrease the amount of a monetary award. But post[-]judgment interest is better characterized as procedural because it confers no right in and of itself. Rather, it merely follows and operates on the substance of determined rights. Post[-]judgment interest is designed to compensate a successful plaintiff for the time between his entitlement to damages and the actual payment of those damages by the defendant.

*Nissho–Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 623 (5th Cir.

1988) (internal quotation marks and citation omitted); *accord ARY Jewelers, L.L.C. v. Krigel*, 277 Kan. 464, 85 P.3d 1151, 1160–1161 (2004).

The Sixth Circuit provided a similar explanation.

> [P]ost-judgment interest is at least rationally capable of classification ... as procedural. Although the primary purpose of post-judgment interest is to compensate a successful plaintiff for the time between his entitlement to damages and the actual payment of those damages by the defendant, post-judgment interest also serves a salutary housekeeping purpose for the forum by creating an incentive for unsuccessful defendants to avoid frivolous appeals and by minimizing the necessity for court-supervised execution upon judgments.

*Bailey v. Chattem, Inc.*, 838 F.2d 149, 152 (6th Cir.1988), *cert. denied*, 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988), *abrogated on other grounds, Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 833, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990); *accord Weitz Co., Inc. v. Mo–Kan Carpet, Inc.*, 723 F.2d 1382, 1386–1387 (8th Cir.1983).

 Based on the above considerations, we conclude that post-judgment interest is a "method[ ] by which rights [established by the jury's verdict] are enforced." *Payne, supra.* We therefore agree with Appellee and the trial court that post-judgment interest is properly characterized as a matter of procedure, rather than one of substantive law.[6] As a

---

**6.** We observe that state courts frequently look to their own law for calculating post-judgment interest in other cases where the substantive claim or judgment is federal. *See Gary Cmty. Sch. Corp. v. Powell*, 906 N.E.2d 823, 834 (Ind.2009) (applying Indiana law to determine post-judgment interest in action

brought under the federal Family Medical Leave Act); *Cash Distrib. Co. v. Neely*, 947 So.2d 317, 328 (Miss.Ct.App.2006) (allowing post-judgment interest under Mississippi law in a claim brought under the federal Age Discrimination Employment Act), *affirmed*, 947 So.2d 286 (Miss.2007); *Andrews v. Kowa*

result, Pennsylvania courts should look to Pennsylvania law when assessing post-judgment interest, even where the underlying substantive claim is based on federal law.

However, Appellant argues that post-judgment interest is a matter of federal substantive law, and therefore the general federal interest statute governs the date on which the trial court should have calculated post-judgment interest. Appellant's Brief at 8. In support of its arguments, Appellant relies on two United States Supreme Court cases. First, in arguing that post-judgment interest is a matter of federal substantive law, Appellant relies heavily on the language used by the United States Supreme Court in *Monessen Sw. Ry. Co. v. Morgan,* 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), in which the Court held that "prejudgment interest is not available [in] FELA [cases]." *Id.* at 339, 108 S.Ct. 1837.

In *Monessen,* the plaintiff brought a FELA action in the Allegheny County Court of Common Pleas. *Id.* at 332, 108 S.Ct. 1837. The jury found in his favor and awarded damages of $125,000.00. *Id.* The trial judge went on to add an additional $26,712.50 in delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.[7] *Id.* at 332–333, 108 S.Ct. 1837. The Supreme Court reversed the award of delay damages, framing the issue as "whether state courts may award prejudgment interest pursuant to local practice in actions brought under the FELA." *Id.* at 334, 108 S.Ct. 1837. The Supreme Court began its analysis noting that "[s]tate courts are required to apply federal substantive law when adjudicating FELA claims." *Id.* at 335, 108 S.Ct. 1837. The *Monessen* Court then went on to consider whether the trial court's invocation of Rule 238 comported with federal law.

The question of what constitutes the proper measure of damages under the FELA necessarily includes the question whether prejudgment interest may be awarded to a prevailing FELA plaintiff. Prejudgment interest is normally de-

*Printing Corp.,* 351 Ill.App.3d 668, 286 Ill. Dec. 548, 814 N.E.2d 198, 210 (2004) (applying Illinois law to calculate post-judgment interest in a claim brought under the federal Fair Labor Standards Act), *affirmed,* 217 Ill.2d 101, 298 Ill.Dec. 1, 838 N.E.2d 894 (2005); *Stanley v. McDaniel,* 134 Idaho 630, 7 P.3d 1107, 1109 (2000) (concluding Idaho law rather than federal law controls when determining when post-judgment interest begins to accrue in a claim brought under the federal Fair Labor Standards Act); *Budish v. Daniel,* 417 Mass. 574, 631 N.E.2d 1009, 1012 (1994) (applying Massachusetts law for calculating post-judgment interest when enforcing a federal judgment in state court).

7. Rule 238 provides for the addition of delay damages and currently provides in relevant part, the following.

> **Rule 238. Damages for Delay in Actions for Bodily Injury, Death or Property Damage**
>
> (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.
>
> (2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.
>
> (3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.
>
> Pa.R.C.P. 238(a).

signed to make the plaintiff whole and is part of the actual damages sought to be recovered.

*Id.* The Supreme Court concluded that the trial court's award of delay damages was "too substantial a part of a defendant's liability under the FELA for this Court to accept a State's classification of a provision such as Rule 238 as a mere local rule of procedure." *Id.* at 336, 108 S.Ct. 1837 (internal quotation marks omitted). The Court also noted that Congress had not authorized any prejudgment interest either under FELA or under the general federal interest statute.[8] *Id.* As a result, the Court concluded that the trial judge's delay damages award of $26,712.50 was improper. *Id.* at 339, 108 S.Ct. 1837.

Appellee argues that *Monessen* is distinguishable insofar that the nature of the interest being sought in this case is different from the delay damages the Supreme Court discussed in *Monessen*. We agree. In *Monessen*, the Supreme Court was concerned with delay damages that were "designed to make the plaintiff whole and [were] part of the actual damages sought to be recovered." *Id.* at 335, 108 S.Ct. 1837. In fact, Rule 238 explicitly states that "[d]amages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action *up to the date of the award, verdict or decision.*" Pa.R.C.P. 238(a)(2) (emphasis added).[9]

■ Conversely, in this case, the interest sought by Appellee was post-judgment interest, interest that was *not* "part of the actual damages sought to be recovered." *Id.* As noted above, while Rule 238 delay

damages run up to the date of the jury's award, under Pennsylvania law, post-judgment interest runs *after* the award. *See* 42 Pa.C.S.A. § 8101. Thus, our decision in the instant case is fully consistent with the Supreme Court's decision in *Monessen*. Additionally, we observe the Supreme Court has previously allowed state law to be utilized to calculate post-judgment interest in FELA cases. *See Louisville & Nashville R.R. Co. v. Stewart,* 241 U.S. 261, 263, 36 S.Ct. 586, 60 L.Ed. 989 (1916) (allowing Kentucky's interest rate of ten percent to control the calculation of post-judgment interest in FELA action); *see also Jacobs v. Dakota, Minn. & E. R.R. Corp.,* 806 N.W.2d 209, 216 (S.D.2011) (concluding that while *Monessen* prohibits prejudgment interest in FELA cases, post-judgment interest entered pursuant to South Dakota law does not conflict with *Monessen* or the FELA); *accord Weber v. Chi. and Nw. Transp. Co.,* 191 Wis.2d 626, 530 N.W.2d 25, 32 (Wis.Ct.App.1995) (same), review denied, 534 N.W.2d 85 (Wis.1995). For all of these reasons, we agree with Appellee that *Monessen* does not provide a basis to vacate the trial court's order.

Second, in support of its argument that the general federal interest statute governs the date on which the trial court should have calculated post-judgment interest, Appellant cites to the United States Supreme Court's decision in *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). In *Kaiser,* the Supreme Court considered when post-judgment interest begins to run under the general federal interest statute, 28 U.S.C. § 1961.[10] *Bon-*

---

8. 28 U.S.C. § 1961.

9. As noted above, under Pennsylvania law, post-judgment interest runs from the date of the jury's verdict, even though the judgment is entered on the verdict at a later date. *See*

42 Pa.C.S.A. § 8101; *accord Hutchison, supra.*

10. Section 1961 provides in relevant part, the following.

§ 1961. Interest

*jorno, supra* at 829, 110 S.Ct. 1570. The Court concluded that in cases filed in federal court, Congress intended that the calculation of post-judgment interest begins from the date of entry of judgment. *Id.* at 835, 110 S.Ct. 1570. However, section 1961 applies only to actions filed in federal court. *See* 28 U.S.C. § 1961(a) (stating, "[i]nterest shall be allowed on any money judgment in a civil case recovered *in a district court* [ ]") (emphasis added). Appellant concedes in his brief, "[section] 1961(a) is not controlling in state court...." Appellant's Brief at 11. Therefore, neither section 1961 nor *Kaiser* entitles Appellant to relief.

▪ Based on the foregoing, we conclude the trial court properly assessed post-judgment interest from the date of the jury's verdict pursuant to section 8101. Accordingly, the trial court's March 20, 2012 order is affirmed.

Order affirmed.

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
(b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.
28 U.S.C. § 1961.