**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48976**

| | |
|---|---|
| DENNIS JARED PICKETT, | ) |
| | ) **Filed: December 16, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>; district court order denying motion for discovery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dennis Jared Pickett pled guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732. Pickett appeals from the district court's judgment summarily dismissing his post-conviction petition and the district court's order denying his motion for discovery. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers obtained a search warrant for Pickett's home and a court order to remove a minor child. The officers decided not to execute the search warrant until the minor was safely removed. However, while in the home to remove the child, Sergeant Bryngelson entered the master bedroom and opened two drawers of a nightstand. Officer Rainford, who was not involved in the removal of the child, obtained a second search warrant. After execution of the second search warrant,

1

Pickett was arrested and charged with trafficking in heroin, possession with intent to deliver, injury to a child, and possession of paraphernalia.

Officers found surveillance video on Pickett's computer of Sergeant Bryngelson opening the nightstand. The surveillance video was disclosed to Pickett's counsel. Counsel filed a motion to suppress evidence found pursuant to the second search warrant because the warrant application failed to mention the search of the nightstand. Six days later, Pickett reached a plea agreement with the State. Pursuant to the terms of the plea agreement, Pickett pled guilty to possession with intent to deliver and the State dismissed the remaining counts and agreed not to file additional charges and to recommend a fifteen-year sentence with three years determinate. The district court accepted the plea and sentenced Pickett accordingly.

Pickett filed a pro se petition for post-conviction relief on the grounds: (1) his constitutional rights against unreasonable search and seizure were violated; (2) new evidence exists that requires vacation of his conviction; (3) law enforcement committed procedural misconduct and withheld exculpatory evidence; and (4) his trial counsel was ineffective for failing to further investigate the alleged police misconduct. Thereafter, Pickett was appointed counsel. Counsel filed an amended petition correcting the caption and requested additional time to file a substantive amended petition.

Pickett's counsel also filed a motion requesting leave to conduct discovery alleging a need to obtain copies of all documents and digital media associated with removal of the child from Pickett's home. The State opposed the discovery motion and filed a motion for summary dismissal of Pickett's post-conviction petition. Pickett's counsel did not file a response. The district court denied Pickett's discovery motion and granted the State's motion for summary dismissal. Pickett appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

2

Whether to authorize discovery is a matter directed to the discretion of the court. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). When a district court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Pickett argues that the district court erroneously granted the State's motion for summary dismissal of his post-conviction petition and violated Pickett's rights to due process by simultaneously denying Pickett's motion for discovery.

### A.     Summary Dismissal

Pickett challenges the district court's summary dismissal of his post-conviction petition in which he raised, in relevant part, a direct constitutional claim of violation of his right to be free from unreasonable searches and seizures under Article I, Section 17 of the Idaho Constitution.

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010).

The district court summarily dismissed Pickett's claim because Pickett could have raised it on direct appeal. Pickett argues that the district court's decision reflects a fundamental misunderstanding of Pickett's unconditional guilty plea. In the guilty plea questionnaire, Pickett indicated that he retained his ability to appeal the judgment of conviction and sentence, but that he was not reserving the right to raise any pretrial issues, including the search issue. Pickett alleges that he could not have raised this issue on appeal because he pled guilty only six days after the motion was filed, precluding the district court from ruling on his motion to suppress.

The State argues that Pickett's search claim is precisely the sort of claim that should be raised in the trial court and challenged on direct appeal. The State points out Pickett could have waited for the district court to resolve his motion and pursued the issue on direct appeal if the

3

ruling was adverse. The State argues that even if Pickett is correct that the suppression issue could not have been raised on direct appeal, such that the procedural bar set forth in I.C. § 19-4901 does not apply, the district court properly dismissed the claim as it was waived by Pickett's unconditional plea.

We agree that Pickett's claim *could* have been raised on direct appeal. Pickett did not waive his right to appeal, but he did expressly waive any right to raise an issue regarding the search. Pickett did so to take advantage of the plea agreement. That Pickett chose to forgo pursuit of the search issue on direct appeal does not, under the circumstances, mean that he could not have done otherwise. A petition for post-conviction relief is not a substitute for remedies or direct appeal available in the criminal case. *Black v. State*, 165 Idaho 100, 105, 439 P.3d 1272, 1277 (Ct. App. 2019). Pickett's express waiver of his search claim incident to his guilty plea does not operate as a reservation of such claims for post-conviction or as a bypass of the rule that post-conviction does not substitute for direct appeal. Pickett could have pursued his claim through direct appeal, but chose not to.

As an alternative ground for dismissal, the State argues that, under I.C. § 19-4908 and Idaho case law, any ground for relief knowingly, voluntarily, and intelligently waived in the proceeding resulting in conviction or sentence cannot form the basis for post-conviction relief. The State relies on *Stone v. State*, 108 Idaho 822, 826, 702 P.2d 860, 864 (Ct. App. 1985) for the proposition that Pickett could not pursue his unlawful search claim in a post-conviction proceeding because a valid guilty plea waives all non-jurisdictional defects and defenses and an alleged illegal search and seizure does not affect the validity of a conviction based upon a knowing and voluntary guilty plea. In *Stone*, after rejecting Stone's claim that his plea was not voluntary, this Court held that Stone could not pursue his unlawful search claim in post-conviction because a valid plea waives all non-jurisdictional defects and defenses and an alleged illegal search and seizure does not affect the validity of a conviction based upon a knowing and voluntary guilty plea. *Id*. We agree that, as in *Stone*, Pickett waived his search claim by his voluntary guilty plea. The district court did not err in summarily dismissing Pickett's post-conviction claim.

## B. Discovery

Pickett claims that the district court deprived him of due process and a meaningful opportunity to respond to the motion for summary dismissal by denying his motion for discovery at the same time it dismissed the petition for post-conviction relief. Procedural due process

requires a process to ensure that the individual is not arbitrarily deprived of his rights in violation of the state or federal constitutions. *State v. Rhoades*, 121 Idaho 63, 72, 822 P.2d 960, 969 (1991). Idaho Code § 19-4906(b) requires notice and an opportunity to be heard prior to summary dismissal, meaning the petitioner has a right to notice of the alleged defects in his petition and a meaningful opportunity to correct or otherwise address those alleged defects. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).

When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the district court to conduct discovery. Idaho Criminal Rule 39; *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Discovery in a post-conviction action is not required unless necessary to protect a petitioner's substantial rights. *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006); *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). Discovery may be denied where the petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Indeed, discovery may not be used to engage in fishing expeditions, as post-conviction actions provide a forum for known grievances, not an opportunity to search for them. *Murphy*, 143 Idaho at 148, 139 P.3d at 750.

Pickett argues the district court deprived him of due process when it simultaneously denied his discovery motion and granted the State's summary dismissal motion. Pickett relies on *Smith v. State*, 146 Idaho 822, 203 P.3d 1221 (2009) for the proposition that a meaningful opportunity to respond requires there not be lingering questions about whether the petitioner has all relevant information. Pickett argues he did not have a meaningful opportunity to respond to the State's motion for summary dismissal because Pickett's motion for discovery was not first decided such that he could respond to the motion for summary dismissal accordingly.

The State argues *Smith* does not hold that a meaningful opportunity to be heard requires certainty that the petitioner is in possession of all potentially relevant information. The State further argues that Pickett was still obligated to respond to the motion even though he hoped he could acquire additional evidence through discovery. We agree. Pickett does not contest that he knew of and had the opportunity to respond to the alleged deficiencies in his petition and that he knew what evidence was in the record. Pickett did not identify any specific information in the discovery being sought that would help his claim. Moreover, Pickett does not contest the findings by the district court that his counsel had much of what was requested in discovery. Pickett has not

shown a lack of notice or opportunity to be heard implicating a due process violation. The timing of the denial of the motion for discovery and the summary dismissal of the petition for post-conviction relief has not been shown to actually have had any impact on Pickett's ability to respond. Further, the district court did not abuse its discretion in denying the motion for discovery on its merits.

## IV.
## CONCLUSION

The district court did not err when it denied Pickett's motion for discovery and granted the State's motion for summary dismissal. The district court's judgment dismissing Pickett's petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.