**Richard P. MUSKO, Appellant,**

v.

**Naomi B. MUSKO, Appellee.**

Superior Court of Pennsylvania.

Argued April 16, 1998.

Filed Aug. 7, 1998.

Leo M. Stepanian, Butler, for appellant.

Norman D. Jaffe, Butler, for appellee.

Before DEL SOLE, TAMILIA and EAKIN, JJ.

EAKIN, Judge:

Richard P. Musko (Husband) appeals from an order denying his request for special relief in the nature of costs and interest on amounts paid Naomi B. Musko (Wife) as alimony pendente lite (APL). We affirm in part, and reverse in part.

Prior to their 1991 marriage the parties entered a prenuptial agreement, which provided neither would be entitled to receive any money, property, alimony or support in the event of separation or divorce. The parties separated in 1992, and Husband filed for divorce. On July 2, 1992, the trial court granted Wife's petition for APL. The trial court entered a final divorce decree September 16, 1994. Husband appealed the award of APL to this Court; we affirmed the order. The Supreme Court reversed, finding Wife was not entitled to APL because of the prenuptial agreement. *Musko v. Musko*, 548 Pa. 378, 697 A.2d 255 (1997).

On July 23, 1997, Husband filed a petition for special relief pursuant to Pa.R.C.P. 1910.25, requesting the trial court enter judgment against Wife for $30,000 paid her as APL, plus interest and appellate costs. By order dated October 29, 1997, docketed

October 31, 1997, the trial court directed the Prothonotary to enter judgment for $30,000, but denied the request for interest and costs. Husband filed a timely appeal, and presents two issues to this Court:

I. Did the lower court commit an error of law in refusing to tax appeal court costs against [Wife] after the Supreme Court reversed the order of the lower court?

II. Did the lower court commit an error of law in refusing to award interest on money paid by [Husband to Wife] under a lower court order which was reversed by the Supreme Court?

■ Given the unusual factual posture, our standard of review is not clear from existing case law. Wife cites *Arbuckle v. Unemployment Compensation Review Board*, 84 Pa. Cmwlth. 145, 147–50, 478 A.2d 545, 547 (1984), to support her contention the standard of review over the denial of Husband's request for costs is whether the court abused its discretion. Wife also cites *Murray Hill Estates, Inc. v. Bastin*, 442 Pa. 405, 276 A.2d 542 (1971) as authority for the trial court's discretion in matters concerning awards of interest.[1] Denials of petitions for special relief in actions of divorce or annulment pursuant to Pa.R.C.P.1920.43 are also reviewed under the abuse of discretion standard. *See Geraghty v. Geraghty*, 411 Pa.Super. 53, 58, 600 A.2d 1261, 1263 (1991); *DeMatteis v. DeMatteis*, 399 Pa.Super. 421, 582 A.2d 666, 669 (1990); *Jawork v. Jawork*, 378 Pa.Super. 89, 96, 548 A.2d 290, 293 (1988). In light of this authority, and given the similarity between petitions under Pa.R.C.P.1910.25 and those under Pa.R.C.P.1920.43, we evaluate the trial court's order using an abuse of discretion standard.

■ Husband first challenges the refusal to tax the costs of his appeal pursuant to Pennsylvania Rule of Appellate Procedure 2741, which provides in part:

If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered, or unless the lower court shall determine that

---

1. Husband neglected to include a statement of the scope and standard of review to be applied, although such is specifically required by Rule of Appellate Procedure 3518(a).

the matter is not finally closed between the parties, and the appellee shall bring a new action against the appellant within 30 days after such determination, in which event the liability for costs shall follow the final judgment in such second or other matter relating to the same cause of action.

Pa.R.A.P. 2741(4).

The trial court summarized its reasons for denying the request as follows:

> The Pennsylvania Supreme Court's Order is silent concerning the issue of repayment of amounts paid to Wife and appeal costs. The Court determined that Wife shall repay the overpayment of alimony pendente lite. However, the Court asserts that it is contrary to the Supreme Court's determination that alimony pendente lite should be denied to then allow Husband to receive appeal costs, when alimony pendente lite was originally allowed by the Court in part to help support the costs of litigation. Such a result is inequitable.

Trial Court Opinion, Dec. 9, 1997. As evidenced by its reasoning, the trial court relied upon Section 1726 of the Judicial Code, which fleshes out the "unless otherwise ordered" exception in Pa.R.A.P. 2741; Section 1726 provides: "the prevailing party should recover his costs from the unsuccessful litigant except where the ... [a]pplication of the rule would work substantial injustice." 42 Pa. C.S. § 1726(a)(2)(iii).

The original award of APL was to allow Wife to pay the costs of litigation; the ultimate determination against her was not based on a finding she was not in need of APL, or was otherwise able to pay those costs. There is no indication the financial disparity between the parties has changed; in its order of October 29, 1997, the trial court found Husband's income was nearly quadruple that of Wife. Therefore requiring Wife to pay Husband's appellate costs could be found inequitable, and we cannot say the trial court abused its discretion by denying his request. The finding that such an order would work a substantial injustice has support in the record.[2]

■ Husband next asserts the trial court erred by denying his request for interest on the $30,000 paid to Wife. In his petition, Husband sought $6,173 for interest prior to judgment, plus future interest at six percent per annum until the judgment is paid in full. Husband argues he is entitled to pre-judgment interest because he was deprived of the use of the money paid on the erroneous APL award, but provides no authority which supports that assertion. Our research reveals no such authority, and we find no reason to create it herein.

Husband would treat the $30,000 as if it were a debt owed upon a contract; generally a party has a right to pre-judgment interest on money owing upon a contract. *Burkholder v. Cherry*, 414 Pa.Super. 432, 435, 607 A.2d 745, 746 (1992) (*quoting Kessler v. Old Guard Mutual Ins. Co.*, 391 Pa.Super. 175, 181, 570 A.2d 569, 573, (1990)). The $30,000 paid to Wife was not paid because of a contract; it was paid as a result of a judicial order for APL. While it was a contract on which the Supreme Court based its invalidation of the APL award, the APL award itself was never contractual. Since Wife did not owe Husband $30,000 as a result of any contract, she had no duty to tender such amount until instructed to do so by the order dated October 29, 1997. Accordingly, the trial court did not abuse its discretion by denying Husband's petition to receive pre-judgment interest.

■ Husband, however, is entitled to interest from the time the $30,000 was entered as a judgment. 42 Pa.C.S. § 8101. *See also, Browne v. Nationwide Mutual Ins. Co.*, 713 A.2d 663, 664 (Pa.Super.1998). 42 Pa. C.S. § 8101 provides:

---

2. It is unclear Husband's petition for costs was timely filed in the first place. Pennsylvania Rule of Appellate Procedure 3306 provides, in part:

> The prevailing party to an appeal in the Supreme Court may file a verified bill of costs pursuant to Chapter 27 of the Rules of Appellate Procedure within 14 days after the entry of the judgment or other final order.

Pa.R.A.P. 3306(a). Husband filed his bill of costs in the form of a petition for special relief on July 25, 1997. This was 38 days after the judgment of the Supreme Court was entered by the Chief Clerk, and 15 days after the judgment was docketed by the Prothonotary on July 10, 1997.

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at a lawful rate from the date of the verdict or award, or from the date of judgment, if the judgment is not entered upon verdict or award.

While the learned trial court appropriately set forth equitable terms for repayment of the judgment, there appears no basis allowing the court the discretion to void the statutory entitlement of a judgment holder to legal interest on the debt. We see no statutory basis or reason in logic to except this judgment from Section 8101.

The order denying costs and pre-judgment interest is affirmed. That portion of the order denying post-judgment interest is reversed.[3]

Order reversed. Case remanded. Jurisdiction relinquished.

---

**3.** For purposes of calculating this interest, judgment was entered October 31, 1997, when the trial court's order directing the entry of judgment was docketed.