J-A02028-16

2016 PA Super 227

DAWN L. RAINES

                    Appellant

           v.

JOHNNY M. RAINES

                    Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1107 MDA 2015

Appeal from the Order Entered May 27, 2015
In the Court of Common Pleas of York County
Civil Division at No: 2010-FC-000686-15

BEFORE:  PANELLA, STABILE, and FITZGERALD,[*] JJ.

OPINION BY STABILE, J.:  **FILED OCTOBER 20, 2016**

Appellant, Dawn L. Raines ("Wife"), appeals from the May 27, 2015 order of the Court of Common Pleas of York County ("lower court"), which granted the petition for special relief filed by Appellee, Johnny M. Raines ("Husband").  After careful review, we affirm.

The marriage in this case took place on May 6, 2006.  Shortly after their nuptials, Wife and Husband purchased a house located in Pasadena, Maryland despite the fact that both were already homeowners at the time of the marriage.[1]  Later, in August of 2009, the couple bought a home located

---

[*] Former Justice specially assigned to the Superior Court.

[1] Husband sold his single-family residence upon his marriage to Wife.  Wife, on the other hand, retained her premarital home throughout the entirety of the relationship.

in Glen Rock, Pennsylvania. Wife and Husband subsequently moved into the Pennsylvania residence and used their house in Maryland as a rental property. The two continued to live together as wife and husband until April 2, 2010, when Wife moved out of the marital residence.

Wife filed for divorce on April 13, 2010. Two years later, on April 12, 2012, Husband filed an affidavit under 23 Pa.C.S.A. § 3301(d).[2] In her counter-affidavit, filed April 27, 2012, Wife did not contest entry of a divorce decree. The lower court then appointed a master to hear the parties' economic claims and determine an equitable distribution of the marital estate.[3] The master held seven days of hearings between May and August

_____

[2] That section reads as follows:

**(d) Irretrievable breakdown.--**

(1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken and the defendant either:

(i) Does not deny the allegations set forth in the affidavit.

(ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken.

23 Pa.C.S.A. § 3301(d).

[3] In this case, the lower court appointed the master twice: first on May 9, 2012 and again on October 11, 2012. The master terminated his first
*(Footnote Continued Next Page)*

of 2013, during which time both parties presented testimony and evidence for the master's consideration. The master issued his Report and Recommendation on January 8, 2014 and filed it with the lower court on the same date. Although the report recommended that Husband retain the Pennsylvania and Maryland properties, it nonetheless suggested that Wife receive sixty-six percent of the marital estate. To achieve such a distribution, the report proposed that Husband pay Wife a "cash adjustment" in the amount of $137,902.[4] With regard to the cash adjustment, the report provided as follows:

> If any part of the cash adjustment remains unpaid as of the ninety-first day after entry of a final order of equitable distribution in this matter, then the unpaid principal balance should accrue interest at the legal rate of six percent per annum until the cash adjustment has been paid in full.

Report and Recommendation of the Master, 1/8/14, at 67. The lower court entered its order confirming the Report and Recommendation, including the equitable distribution scheme, on July 10, 2014.

Husband did not pay within ninety days. In response, Wife filed several petitions seeking, *inter alia*, an order finding Husband in contempt and the entry of a judgment against Husband for the cash adjustment. At

*(Footnote Continued)* ─────────────

appointment, *sua sponte*, after realizing that the wife and husband had failed to complete discovery.

[4] The master found that Husband had incurred unnecessary attorney's fees because of Wife's "obdurate behavior" and reduced the cash adjustment by $3,826. The net amount payable to Wife was therefore $134,076.

the subsequent hearing on Wife's petitions, Husband testified that he could not refinance either property and was attempting to sell the Maryland residence to raise the money needed to pay Wife. He further testified as to the extensive renovations and repairs he had performed in order to market the home. The lower court thereafter declined to find Husband in contempt and likewise refused to enter a judgment.

The sale of the Maryland property closed on February 20, 2015. In her settlement statement to Husband, Wife included two amounts for interest that had accrued on the cash adjustment: one pursuant to the ninety-day provision found in the master's report and the other for "PA statutory interest." The former sum totaled $3,063 while the latter came to approximately $5,138. To ensure that the sale closed, Husband paid both amounts and informed Wife's counsel that he did so under protest. Husband then filed a petition for special relief on March 4, 2015, seeking repayment of the "PA statutory interest."[5] After a brief hearing and the submission of briefs on the matter, the lower court granted Husband's petition on May 27, 2015 and ordered Wife to repay the money she had received as "statutory interest." This timely appeal followed.

---

[5] Husband conceded that Wife was entitled to $3,063 in interest because he had not paid the cash adjustment within ninety days of the order confirming the master's report.

- 4 -

On appeal, Wife purports to raise two questions for our review. **_See_** Wife's Brief at 2-3. However, close examination of her arguments reveals that the sole issue before us is whether 42 Pa.C.S.A. § 8101, which provides for post-judgment interest, automatically applies to sums awarded as part of an equitable distribution.[6] We conclude that it does not.

Ordinarily, this Court reviews an order granting special relief for an abuse of discretion. **_See, e.g., Johnson v. Johnson_**, 864 A.2d 1224, 1229 (Pa. Super. 2004); **_Geraghty v. Geraghty_**, 600 A.2d 1261, 1263 (Pa. Super. 1991). However, where, as here, an appeal presents a question of law, our standard of review is _de novo_ and our scope of review plenary. **_A.S. v. I.S._**, 130 A.3d 763, 768 (Pa. 2015).

We begin by considering the pertinent provisions of the statutes implicated in the present appeal:

> **(a) General rule.--**Upon the request of either party in an action for divorce or annulment, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The court may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets.

---

[6] In her brief, Wife queried whether the lower court should have awarded her "punitive interest . . . as written into the Report and Recommendation of the Divorce Master." Wife's Brief at 2. The record reveals that Husband paid the interest required by the master's report and that he did not seek its return. The lower court did not deprive Wife of this interest.

23 Pa.C.S.A. § 3502(a).  The entitlement to post-judgment interest is established as follows:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S.A. § 8101.  We have previously stated that the purpose of post-judgment interest is "to compensate a successful plaintiff for the time between his entitlement to damages and the actual payment of those damages by the defendant."  *Lockley v. CSX Transp. Inc.*, 66 A.3d 322, 327 (Pa. Super. 2013) (citations omitted); *see also Hutchison ex rel. Hutchison v. Luddy*, 946 A.2d 744, 752 (Pa. Super. 2008).  Interest, moreover, discourages frivolous appeals and "minimiz[es] the necessity for court-supervised execution upon judgments."  *Lockley*, 66 A.3d at 327.

Prior decisions of this Court have clarified that § 8101 in fact applies to awards made in the context of divorce proceedings.  *See, e.g., Kennedy v. Kennedy*, 865 A.2d 878, 886 (Pa. Super. 2004) (holding that § 8101 entitled wife to receive interest from the date of an arbitration award), *appeal denied* 890 A.2d 1059 (Pa. 2005); *Osial v. Cook*, 803 A.2d 209, 215 (Pa. Super. 2002) (holding that the right to judgment interest under § 8101 applies in divorce proceedings); *Musko v. Musko*, 714 A.2d 1076, 1078-79 (Pa. Super. 1998) (same).  The present case, however, is factually distinguishable from this case precedent.  In *Musko* and *Osial*, the lower

courts had entered the awards as judgments. ***See Musko***, 714 A.2d at 1077; ***Osial***, 803 A.2d at 212. Here, the lower court expressly refused to enter a judgment against Husband. Furthermore, the parties in ***Kennedy*** made agreements outside of court as to how the wife's share of the marital assets was to be determined as well as how husband would pay the amount owed to wife. ***Kennedy***, 865 A.2d at 880, 885-86. In contrast to ***Kennedy***, the cash adjustment in this case was the result of a court-ordered equitable distribution. Thus, the present appeal raises a question we did not need to address in our prior cases: whether an equitable distribution award accrues interest pursuant to § 8101 regardless of whether a judgment has been entered.

Wife urges that she was entitled to statutory interest on the cash adjustment from the date of the lower court's order confirming the master's report and recommendation. Wife's Brief at 16. In other words, Wife contends that the order was a judgment for purposes of § 8101. We disagree.

The plain language of § 8101 provides that "a ***judgment*** . . . shall bear interest[.]" The statute does not operate to confer interest upon mere verdicts or awards. As stated above, the lower court, on July 10, 2014, entered an ***order*** confirming the master's report and recommendation. An order and a judgment are not necessarily the same thing. ***See*** 42 Pa.C.S.A. § 102 (stating that orders ***include*** judgments); ***see also*** 1 A.C. Freeman, A Treatise of the Law of Judgments § 19, at 28 (Edward W. Tuttle ed., 5th ed.

1925) ("While an order may under some circumstances amount to a judgment, they must be distinguished[.]").  A judgment is "[a] court's final determination of the rights and obligations of the parties in a case." Black's Law Dictionary (10th ed. 2014); *see also Lance v. Mann*, 60 A.2d 35, 36 (Pa. 1948) ("It is elementary that judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised.").

If a judgment is a "final determination," it logically follows that a ruling on a preliminary or collateral matter cannot be a judgment and is an order. Here, neither party contested entry of a divorce decree.  The lone task submitted to the master was the determination of an equitable distribution. Thus, in confirming the master's report, the lower court merely ruled on an ancillary issue.  *See* Pa.R.C.P. 1920.51(a)(2)(ii) ("The master may be appointed to hear *ancillary* economic claims prior to the entry of a divorce decree if grounds for divorce have been established.") (emphasis added). Because there was no judgment entered in this case, Wife's argument necessarily fails.

Parenthetically, we also note that adopting Wife's position would render certain portions of 23 Pa.C.S.A. § 3502 a nullity:

> **(e) Powers of the court.--** If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:

**(1)** enter judgment;

. . .

**(3)** award interest on unpaid installments[.]

23 Pa.C.S.A. § 3502(e)(1), (3). If an order confirming an equitable distribution scheme is equivalent to a judgment, there would be no need for § 3502(e)(1) to authorize the entry of a judgment. Likewise, if, as urged by Wife, equitable distribution awards accrue interest automatically pursuant to § 8101, the provision empowering courts to "award interest" would be superfluous. We cannot, and do not, presume that the legislature intended portions of § 3502 to be without effect. *See* 1 Pa.C.S.A. § 1922.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/20/2016</u>