J-A30007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EILEEN P. NORMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MAURICE NORMAN | |
| | No. 764 MDA 2016 |

Appeal from the Decree April 25, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2012-CV-1174-DC

BEFORE:  BOWES, OLSON AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 05, 2017**

Eileen P. Norman ("Wife") appeals from trial court's divorce decree and order of equitable distribution adopting the master report and recommendation of December 15, 2015.  We affirm.

Wife and Maurice Norman ("Husband") married on October 12, 1997, and separated on February 10, 2012.  Three children were born of the marriage.  On February 10, 2012, Husband filed a complaint in divorce seeking only to dissolve the marriage.  Three days later, Husband filed an amended complaint, adding a request that the trial court equitably divide the marital assets.  Wife filed a petition for related claims pursuing counsel fees, alimony *pendent lite*, and permanent alimony.

On December 17, 2014, the trial court appointed a master to address the dissolution of the marriage and Wife's economic claims. The master directed the parties to attend a settlement conference on March 11, 2015. Wife attended the conference in person and Husband appeared by telephone. Both parties were represented by counsel. The conference was not of record; however, the parties arrived at a settlement agreement. Pursuant to that understanding, the parties declared that they had previously distributed their personal property to their mutual satisfaction and would remain responsible for any debt in each party's own name. In addition, following their separation, Husband had transferred his interest in two marital properties to Wife. Wife agreed to list one property for short sale, and indemnify Husband for the mortgage and expenses related to the second property. In exchange, Husband promised to pay insurance premiums for two life insurance policies, one in each party's name, and retain Wife as the beneficiary on his policy. Husband also agreed to remove his personal vehicle from Wife's real estate and provide Wife with twenty-four months of spousal support, and then at decreasing amounts for a total of sixty months.

Following the conference, on March 13, 2015, the master filed a settlement conference memorandum indicating that the parties had reached an agreement resolving the outstanding economic issues and directing

Husband's attorney to draft a settlement agreement outlining the terms of the parties' arrangement.

Shortly thereafter, Wife communicated to her attorney that she did not agree with the terms outlined in the master's memorandum. Nonetheless, Wife's disagreement was not conveyed to Husband or his attorney until May 6, 2015, approximately one month after Husband had circulated a draft marital settlement agreement based on the terms discussed during the settlement conference. Husband filed a petition to enforce the agreement, and a hearing was held on September 15, 2015. The master entertained testimony and briefs from both parties. It then issued a report and recommendation finding that the parties had reached an agreement during the March 15, 2015 settlement conference, the terms of which were contained within the master's settlement conference memorandum.

Wife filed exceptions to the master's report, contending that it had erred in finding that the parties had reached an oral accord, and seeking a remand to permit the master to hold a hearing on the distribution of the marital property. The trial court denied Wife's exceptions, ruling that there was sufficient evidence to support Husband's claim that the parties had reached an enforceable oral settlement. Accordingly, it entered an order divorcing the parties and adopting the master's report and recommendation as the final order in regard to the economic claims. Wife filed this timely appeal and a Rule 1925(b) statement of matters complained of on appeal.

The trial court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

Wife presents one question for our consideration: "Whether the divorce court committed prejudicial error and/or abused its discretion and violated Wife's right to due process by finding that the parties entered into an enforceable oral contract which resolved all outstanding economic issues and did not hold a hearing on the merits? Wife's brief at 4 (unnecessary capitalization omitted).

Wife disputes the court's finding that she entered into an enforceable oral contract during the settlement conference. Generally, we review a trial court's order for equitable distribution for an abuse of discretion or an error of law. **Green v. Green**, 69 A.3d 282, 285 (Pa.Super. 2013). Where the appeal raises a question of law, our standard of review is *de novo* and our scope of review is plenary. **Raines v. Raines**, 149 A.3d 375, 378 (Pa.Super. 2016). Nevertheless, "it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence." **Morgante v. Morgante**, 119 A.3d 382, 387 (Pa.Super. 2015) (citation omitted). Moreover, although the trial court decides the credibility of the witnesses, where, as here, the parties have appeared before a master, "[w]e are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question

of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." ***Id***.

With regard to the parties' alleged settlement agreement, our analysis is governed by contract law unless the agreement provides otherwise. ***Kraisinger v. Kraisinger***, 928 A.2d 333, 339 (Pa.Super. 2007). A contract is formed upon an offer and acceptance where "the parties to it 1) reach a mutual understanding, 2) exchange consideration, and 3) delineate the terms of their bargain with sufficient clarity." ***Company Image Knitware, Ltd. V. Mothers Work, Inc.***, 909 A.2d 324, 330 (Pa.Super. 2006) (citation omitted). Further, "[c]onsideration consists of a benefit to the promisor or a detriment to the promisee." ***Id***. As it relates to this matter:

> Where a settlement agreement contains all the requisites for a valid contract, a court must enforce the terms of the agreement. This is true even if the terms of the agreement are not yet formalized in writing. Pursuant to well-settled Pennsylvania law, oral agreements to settle are enforceable without a writing.

***Step Plan Services, Inc. v. Koresko***, 12 A.3d 401, 409 (Pa.Super. 2010) (citation omitted).

Wife's argument on appeal is two-fold. First, she contends that the trial court erred in determining the parties had entered into an enforceable oral contract since there is no evidence that Husband presented a valid offer, and that she accepted that offer. She maintains that Husband did not make an offer until he transmitted the draft agreement on April 7, 2015. Moreover, Wife asserts that she rejected this offer on May 6, 2015. Thus,

she argues that she never demonstrated intent to be bound by the terms of the agreement. In support of this position, Wife relies on her testimony at the September 15, 2015 hearing wherein she insisted that she did not acknowledge an intent to be bound at the settlement conference and that she did not believe that equitable distribution would be finally resolved at that time. Further, she emphasizes that, when the master circulated its settlement conference memorandum, Wife immediately emailed her attorney indicating that she did not agree with the terms contained therein.

Next, Wife argues that the supposed agreement fails for lack of consideration. She posits that the terms described in the master's memorandum do not inure to her benefit, and has consistently held that she did not consent to those terms at the settlement conference. Hence, Wife concludes, the trial court erred in finding that the parties had entered into an enforceable, oral agreement during the settlement conference. We disagree.

Of notable import, we observe that the master's settlement conference memorandum, authored contemporaneously to that meeting, includes the following:

> VII. Result of Settlement Negotiations. At the conclusion of the [settlement conference], the parties had reached an overall agreement resolving all outstanding economic issues. The basic terms of their Agreement, that will be incorporated into a marital settlement agreement prepared by Husband's attorney[.]

Settlement Conference Memorandum, 3/13/15, at 3. That document then sets forth with specificity the agreed upon terms as they relate to the

distribution of the parties' various properties. *Id*. 3-5. At the September 15, 2015 hearing, Husband testified that those provisions were an accurate reflection of the terms to which the parties agreed following the settlement conference. N.T. Hearing, 9/15/15, at 4-9. Further, Husband acted in reliance on those terms, for example, by immediately seeking to remove and sell his vehicle, which had remained on Wife's real estate. *Id*. at 6; Settlement Conference Memorandum, 3/13/15, at 3. The master credited this testimony, and upon its review, the trial court determined the record supported this finding.

The master did not credit Wife's testimony asserting that she believed the subsequent draft agreement authored by Husband constituted the actual offer. Similarly, the court found no support in the record for Wife's assessment, noting that she conceded that her own attorney believed they had reached an agreement following the settlement conference. Trial Court Opinion, 7/11/16, at 7; Wife's Answer to Husband's Amended Petition to Enforce, 8/14/15, at ¶5.

Wife contends that she communicated her disagreement with the outcome of the settlement negotiations to her attorney shortly after receiving the master's memorandum. However, Wife's behavior following the settlement conference is not sufficient to refute the claim that she previously consented to the terms of the agreement and merely changed her mind. In light of the master's memorandum, Husband's credible testimony,

and Wife's acknowledgment that the parties' attorneys believed they had reached an agreement, her subsequent conduct is more probative of a change of heart, rather than a lack of mutual agreement. Hence, we conclude that the record supports the finding that Husband made an offer that Wife accepted, as enunciated in the master's memorandum.

Finally, we are not persuaded by Wife's assertion that the agreement lacked consideration. Our review of the terms of the parties' agreement reveals that Wife benefited from the property distribution. Husband promised to continue to pay the premiums of the parties' Northwestern Mutual Life Insurance policies, and Wife remained the beneficiary of the policy insuring Husband's life. Husband also agreed to alimony payments which directly benefit Wife at Husband's expense. Thus, the agreement was supported by adequate consideration. ***Knitware***, ***supra***. As such, Wife is not entitled to relief.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017