J-A01011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONG YUAN CHEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFAR SAIDI | : | |
| | : | |
| Appellant | : | No. 607 EDA 2019 |

Appeal from the Order Entered January 18, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2004-09396

| | | |
|---|---|---|
| DONG YUAN CHEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFAR SAIDI | : | No. 608 EDA 2019 |

Appeal from the Order Entered January 18, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2004-09396

BEFORE:  NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                                   **FILED MAY 11, 2020**

Appellant/Cross-Appellee Jeffar Saidi (Husband) and Appellee/Cross-Appellant Dong Yuan Chen (Wife) appeal from the order directing Husband to pay interest on a $30,382.50 payment that Husband made to Wife and to pay

_____

[*] Retired Senior Judge assigned to the Superior Court.

Wife $7,500.00 in attorney's fees. Husband, who is appealing *pro se*, asserts that the trial court erred in awarding post-judgment interest and attorney's fees to Wife. Wife, in her cross-appeal, claims that the trial court erred in calculating the date from which interest was due and the amount of attorney's fees. We affirm the order in part, vacate in part, and remand this matter for further proceedings consistent with this memorandum.

The present appeal relates to the enforcement of the equitable distribution award. By way of background, we note that as part of Husband and Wife's divorce and equitable distribution, the parties in 2011, agreed to an order (the 2011 agreed order) stating that a master's decision would be binding on them and reduced to a judgment. On February 6, 2013, the master determined that Husband owed Wife $30,382.50.[1] The master attached a Pa.R.C.P. 236 notice of entry of judgment against Husband to the notice of filing of his report. Husband filed exceptions to the master's report, but the trial court dismissed Husband's exceptions based on the 2011 agreed order. Order, 6/14/13.

On July 26, 2013, the trial court entered a final order in the divorce matter. The order stated, "Judgment is hereby entered in favor of Wife and

_____

[1] The master's determination that Husband owed Wife $30,382.50 included the master's recommendation that Husband pay Wife $5,000.00 in attorney's fees for "Husband's unreasonable, legally unsupportable, and intractable positions on the valuation of the distribution of assets." Master's Report, Decision, & Judgment on Equitable Distribution, Alimony & Counsel's Fees & Costs, 2/6/13, at 10.

against Husband in the amount of $30,382.50 effective as of December 17, 2012." Order, 7/26/13, at 1 (Divorce Order). Additionally, the trial court stated that "Wife's claim for attorney's fees and costs has been addressed and factored into the judgment."[2] *Id.* at 2.

Husband appealed to this Court challenging (1) the enforceability of the 2011 agreed order, (2) the trial court's award of attorney's fees, and (3) the valuation of marital property. *See Chen v. Saidi*, 100 A.3d 587, 589 (Pa. Super. 2014). On September 2, 2014, this Court affirmed in part concluding that the 2011 agreed order was binding and that Husband could not modify the agreement. *See Chen*, 100 A.3d at 590-91. This Court further determined Husband waived his challenge to the valuation of the marital property by filing a defective Pa.R.A.P. 1925(b) statement. *Id.* at 593-94.

However, this Court's prior opinion in this matter vacated the trial court's award of attorney's fees to Wife. *See id.* at 592. In so doing, this Court stated that the trial court "relied on [23 Pa.C.S. § 5339] of the Child Custody Act as the basis for awarding counsel fees." *Id.* at 591. The Court focused on the term "repetitive" as used in Section 5339, and concluded:

> [T]he fact that Husband filed the seven petitions over as many years, and in light of the fact that each petition sought distinct relief pertaining to a variety of legitimate issues that typically arise

---

[2] By order dated July 25 and entered July 26, 2013, the trial court also entered a custody order stating "Pursuant to 23 [Pa.C.S.] § 5339, [Husband] shall pay attorney's fees to [Wife's] counsel . . . . Counsel shall submit a certification of attorneys' fees to th[e trial c]ourt's chambers and a subsequent order addressing the amount of attorneys' fees shall be issued." Order, 7/26/13, at 6 ¶ A(1) (Custody Order).

in a custody matter, we cannot conclude that Husband's actions rose to the level of "repetitive" within the meaning of [S]ection 5339. Furthermore, we cannot say that each of the petitions was without relative merit. Additionally, there is no indication that any of these petitions affected the child's best interests. We conclude, therefore, that the court's award of attorneys' fees under [S]ection 5339 was unwarranted and an abuse of discretion in this case. Thus, we reverse the award of counsel fees.

*Id.* at 592 (citation and footnote omitted). This Court remanded the matter to the trial court for the entry of an order consistent with its decision.

The trial court summarized the remaining procedural history, which we do not restate in full. *See* Trial Ct. Op. at 4-8. For the purpose of this appeal, we emphasize that although this Court remanded the matter for the entry of an order consistent with its decision, no further actions were taken in this matter for approximately three years until Wife placed a judgment lien on the former marital home. Eventually, Husband paid Wife $30,382.50 in September 2018. Following continued litigation for contempt initiated by Wife and Husband, only the issues of interest on the $30,382.50 and attorney's fees remained outstanding.

Following a hearing on January 10, 2019, the trial court entered the January 18, 2019 order awarding Wife interest on the $30,382.50 and $7,500.00 in counsel's fees. Notably, the trial court awarded Wife interest on the $30,382.50 from September 2, 2014, the date of this Court's prior opinion affirming the equitable distribution, to September 20, 2018, the date that Wife received Husband's $30,382.50 payment.

- 4 -

Husband filed a petition for reconsideration, which the trial court denied. Husband timely filed a notice of appeal on February 13, 2019. Wife timely filed a cross-appeal on February 20, 2019. The parties timely filed Pa.R.A.P. 1925(b) statements. The trial court filed an opinion responding to the appeal and cross-appeal. The trial court determined that it properly awarded interest and attorney's fees under 23 Pa.C.S. § 3502.

In his appeal, Husband presents the following questions for review:

1. Did the trial court err when it determined that pursuant to 23 Pa.C.S.[] § 3502(e)(3) [Husband] was obligated to pay interest on the original 2013 lump sum equitable distribution award of $30,382.50 even though the award was clearly a lump sum and not an "installment" as required by the statute?

2. Did the trial court err as a matter of law and/or abuse its discretion when it calculated the amount of counsel fees to be paid by [Husband]?

Husband's Brief at 3.

In her cross-appeal, Wife presents the following question for review:

1. Whether the trial court erred as a matter of law and committed an abuse of discretion when it directed Husband to pay interest on the $ 30,382.50 judgment, at the lawful rate, effective as of September 2, 2014, the date the Superior Court entered its opinion affirming the trial court's Order and Decree, rather than December 17, 2013, the effective date as determined by the Master in his binding decision dated February 6, 2013 or in the alternative, February 6, 2013, the date of the Master's binding decision.

2. Whether the trial court erred as a matter of law and committed an abuse of discretion when it directed Husband to pay only $ 7,500 of the attorney's fees and costs incurred in enforcing the equitable distribution award and corresponding judgment, when the fees incurred were three times the amount ordered by the court and especially since Husband's conduct throughout the

- 5 -

proceedings had been vexatious, dilatory and obdurate and thus, caused Wife to incur increased and unnecessary fees and expenses.

Wife's Brief at 5.

Because both Husband and Wife challenge the trial court's determination of interest on the underlying judgment and the award of attorney's fees, we will address their arguments in support of each issue together. However, we initially consider Wife's claim that Husband waived all of his issues in the appeal at 607 EDA 2019 due to a defective Rule 1925(b) statement. *See* Wife's Brief at 3-4 (citing Pa.R.A.P. 1925(b)(4)(vii)).

### Issue Preservation under Rule 1925(b)

Wife asserts:

Husband filed his Statement timely on March 14, 2019 and raised five claims of error, which are essentially: 1) the trial court erred in finding Husband in contempt, 2) the trial court erred in failing to hold Wife in contempt, 3) the trial court erred in failing to invoke the doctrine of laches, 4) the trial court erred in finding Husband in contempt since he paid the principal amount of the judgment and 5) the trial court erred in ordering the judicial sale of Husband's real property. Husband failed to challenge the trial court's January 18, 2019 Order with respect to the amount of the interest imposed by the trial court on the judgment against Husband or the award of counsel fees to Wife in his Concise Statement. Rather, it was Wife who asserted in her Cross Appeal Concise Statement that the trial court erred in the amount of judgment interest it awarded, as well as with respect to the trial court's award of counsel fees to Wife.

*Id.* at 3-4.

It is well settled that

A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the

issues the appellant wishes to raise on appeal. Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

*S.S. v. T.J.*, 212 A.3d 1026, 1030-31 (Pa. Super. 2019) (some citations omitted). Moreover,

[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Id.* at 1032 (citations and quotation marks omitted).

Instantly, Husband's *pro se* Rule 1925(b) statement included the following issues:

1. The trial court abused its discretion and/or committed an error of law by finding [Husband] in contempt for failure to satisfy a 2013 civil judgment arising from a[n] equitable distribution award and thereby directing the imposition of attorney's fees against [Husband] in addition to ruling that [Husband] pay legal interest on the 2013 judgment.

2. The trial court abused its discretion and/or committed an error of law by failing to find [Wife] in contempt pursuant to Defendant's Petition for Contempt of October 31, 2018.

3. The trial court abused its discretion and/or committed an error of law by failing to invoke the doctrines of laches and estoppel in light of [Wife's] failure to utilize the statutory provisions provided by the Pennsylvania Rules of Civil Procedure for the enforcement and execution of civil judgments since Plaintiff abandoned the 2013 judgment for nearly five (5) years until [Wife] filed a contempt petition against [Husband] on May 2, 2018. [Husband]

timely raised both doctrines in his direct defense of Plaintiff's allegations of contempt as well as his Petition to Reconsider the February 18, 2019 Order.

Husband's Rule 1925(b) Statement, 3/14/19, at ¶¶ 1-3.

Although framed as a matter of contempt, Husband's issues in his Rule 1925(b) statement suggest that he intended to challenge the trial court's award of interest and attorney's fees. **See S.S.**, 212 A.3d at 1032. Although Husband's Rule 1925(b) statement did not allege any error based on Section 3502(e), the trial court did not cite a specific statutory basis for awarding interest and attorney's fees in its order. **See** Order, 1/18/19. Moreover, the trial court was able to discern Husband's issues from his Rule 1925(b) statement, and it was not until the trial court authored its Rule 1925(a) opinion that the trial court identified Section 3502(e) as the legal basis for its rulings.

Under these circumstances, we decline to find waiver of Husband's claims on appeal based on Pa.R.A.P. 1925(b)(4)(vii). Therefore, we next consider the merits of the parties' arguments regarding the trial court's decision to award interest and attorney's fees.

## Interest

By way of background, when seeking interest under 42 Pa.C.S. § 8101 in the trial court, Wife asserted that interest began to accrue from December 17, 2012. The December 17, 2012 date, Wife noted, was the effective date of the judgment. In setting interest, the trial court determined that it had "broad discretion to [fashion] an equitable award of legal interest" under 23 Pa.C.S. § 3502(e)(3). Trial Ct. Op. at 24. The trial court reasoned:

To that point, the January 18, 2019 Order addressed the parties' dispute over the previous award of $5,000 in counsel fees to Wife's counsel, as well as the date the interest on the 2013 judgement began to run.

As noted in the January 18th Order, the undersigned went to great lengths to ensure the equitable administration of justice toward both parties. Specifically, the [trial c]ourt committed to researching whether the September 2, 2014 Superior Court Opinion excused Husband from paying the $5,000 in counsel fees that was factored into Wife's $30,382.50 equitable distribution award.

Upon review, it was clear that the counsel fees provided in Section A.1. on page 6 of the [Custody Order, note 2, *supra*] were the counsel fees that were to be removed upon the remand directed by the Superior Court in their Opinion. Notably, there was no specific amount of counsel fees directed in [the Custody Order] and there was no reference whatsoever to the $5,000 counsel fees amount contained in the equitable distribution Order on pages 6-13 of the [copy of the] Superior Court Opinion (where the counsel fees issue was specifically addressed).[3] In addition, neither party requested a re-list of the matter by this Court, as directed in the remand, at which time this issue could have been addressed and clarified four (4) years ago.

Due to the parties' delay in addressing these issues and the confusion over the award and amount of counsel fees, the undersigned reasonably invoked its discretionary authority under § 3502(e) of the Divorce Code in selecting the date of September 2, 2014 as the date interest began to run. In selecting that date, the undersigned reasoned that the Superior Court's Opinion unequivocally resolved the issue over whether Husband owed Wife the amount of $30,382.50, which included $5,000 in counsel fees.

Accordingly, th[e trial c]ourt acted well within its discretion when it established the date interest began to run on the 2013 equitable distribution award was September 2, 2014.

*Id.* at 24-25.

_____

3 *See Chen*, 100 A.3d at 591-93.

In her cross-appeal, Wife re-raises her argument that interest accrued from the date of the verdict or the award under 42 Pa.C.S. § 8101. Wife's Brief at 18. Wife emphasizes that Husband agreed that the master's findings would be binding and reduced to a judgment. *Id.* Because the parties agreed to the entry of a judgment under Section 8101, Wife asserts interest should accrue from December 17, 2012, the effective date set by the master, or no later than February 6, 2013, the date the master awarded Wife $30,382.50. *Id.* at 20, 23. Wife contends that "at no time after the entry of the February 6, 2013 decision by the Divorce Master was [the master's decision] reversed or set aside." *Id.* In short, Wife claims that that the trial court erred in finding that interest accrued from September 2, 2014, the date of this Court's prior decision. *See id.* at 20, 23.

In his appeal, Husband argues that the trial court failed to state a proper statutory basis to award Wife interest. Husband's Brief at 6. In support, Husband notes that the trial court relied on 23 Pa.C.S. § 3502(e)(3) to determine the interest due to Wife. *Id.* Emphasizing the language of Section 3502(e)(3), Husband asserts that the trial court may only award interest on an unpaid installment. *Id.* Husband contends that because he paid a lump sum, the trial court misapplied Section 3502(e)(3) when awarding Wife interest. *Id.*

The issues raised in the trial court's opinion and the parties' arguments pose questions of law over which the standard of review is *de novo* and the

scope of review is plenary.  ***See Raines v. Raines***, 149 A.3d 375, 377-78 (Pa. Super. 2016).

The relevant statutory provisions are as follows.  Section 3502(e) of the Domestic Relations Code provides in relevant part:

> **(e) Powers of the court.—**If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:
>
> > **(3) award interest on unpaid installments;**
>
> > \*    \*    \*
>
> (7) award counsel fees and costs[.]

23 Pa.C.S. § 3502(e)(3), (7) (emphasis added).

Section 8101 of the Judicial Code provides: "Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award."  42 Pa.C.S. § 8101.  This Court has stated that "[p]ost[-]judgment interest serves two important functions—it compensates the judgment creditor for the loss of use of the money until the judgment is paid and it acts as an incentive for the judgment debtor to pay the judgment promptly." ***Lockley v. CSX Transp. Inc.***, 66 A.3d 322, 327 (Pa. Super. 2013) (citation and quotation marks omitted).

In ***Osial v. Cook***, 803 A.2d 209 (Pa. Super. 2002), the divorcing parties entered into a consent order in May 2000 agreeing to a 58-42 percent division of the marital assets. ***Osial***, 803 A.2d at 212. The parties also entered a stipulation as to the value of the assets. ***Id.*** The parties agreed to a division of most of the assets, but in May 2001, the wife filed a motion to reduce the equitable distribution award to judgment, on which the trial court determined that the husband owed the wife $37,181.00, which included $4,200.00 in interest and $2,000.00 in attorney's fees. ***Id.*** Of relevance to this appeal, the wife appealed asserting that the trial court erred in calculating interest. ***See id.*** at 212, 215.

Specifically, the wife in ***Osial*** asserted that the trial court erred by calculating the interest starting from three months after the date of the May 2000 consent order. ***Id.*** at 215. The trial court, however, apparently "invoked equity powers to claim an exception" to Section 8101 and determined that interest started accruing three months after the consent order because that "the consent order was not for a 'specific sum of money." ***Id.*** This Court agreed with the wife and rejected the trial court's approach. ***Id.***

The ***Osial*** Court reasoned that the general rule set forth in Section 8101 "is that a plaintiff is entitled to interest on a judgment from the date of the verdict and for the purposes of computing interest, judgment and verdict are synonymous." ***Id.*** (citation omitted). The Court further noted "that statutory interest is a matter of right where damages are ascertainable by computation, even though a bona fide dispute exists as to the amount of the indebtedness."

*Id.* (citation omitted). The Court concluded that because the parties in *Osial* stipulated to the value and distribution of the marital assets, the computation of the specific sum of money at issue in the consent order "could clearly be ascertained." *Id.* at 216. Therefore, we determined that the trial court "erred when it failed to calculate statutory interest from the date of the consent order." *Id.*

In *Raines*, a master issued a report and recommendation awarding the husband two properties with a cash adjustment to be paid to the wife. *Raines*, 149 A.3d at 376. The report included a provision that if the husband failed to pay the cash adjustment within ninety days of a final order, then the unpaid balance should accrue interest until the adjustment was paid in full. *Id.* at 377. The trial court subsequently entered an order confirming the master's recommendations. *Id.*

After the husband in *Raines* failed to pay within ninety days of the order confirming the master's recommendations, the wife filed petitions to find the husband in contempt and to enter a judgment on the cash adjustment. *Id.* The trial court refused the wife's requests. *Id.*

The husband eventually sold one of the properties and to facilitate closing, he paid the wife $3,063.00 for interest based on the master's recommendation and $5,138.00 for "statutory interest." *Id.* The husband then filed a petition for special relief conceding the wife was owed interest under the master's recommendations but seeking the repayment of the "statutory interest" he paid the wife. The trial court granted the husband's

- 13 -

request for the repayment of the statutory interest. *Id.* The wife appealed to this Court challenging the trial court's failure to enforce her claim for statutory interest under Section 8101. *Id.* at 377-78.

The *Raines* Court framed the issue in the wife's appeal as follows: "whether an equitable distribution award accrues interest pursuant to § 8101 regardless of whether a judgment has been entered." *Id.* at 379. The *Raines* Court initially noted that because the trial court refused the wife's request to enter a judgment, cases such as *Osial* were distinguishable. *Id.* at 378. The Court further rejected the wife's appellate argument that Section 8101 required the husband to pay statutory interest from the date of the trial court's order confirming the master's recommendations. *Id.* at 379. The *Raines* Court reasoned that the confirmation of the master's recommendations constituted a ruling on matters ancillary to the divorce. *Id.* Moreover, we concluded that the wife's broad interpretation of Section 8101 would render the trial court's authority under Section 3502(e)(1) and (3) to enter a judgment or award interest superfluous. *Id.*

Based on the foregoing principles, we reject Husband's challenge to the trial court's decision that Wife was entitled to interest. Although the trial court cited to Section 3502(e)(3) as a basis for awarding Wife interest, this case is closer to *Osial* than *Raines*, in so far as Section 8101 applied to Wife's request for interest. Unlike *Raines*, the parties here entered into an agreement that the master's recommendation would be binding and have the effect of a judgment. That agreement was made part of the 2011 agreed

- 14 -

order. The master subsequently recommended a judgment in favor of Wife and against Husband for $30,382.50. Judgment was thereafter formally entered. Accordingly, we conclude that Section 8101 governed Wife's request for interest.

We also agree with Wife that under the general rule set forth in Section 8101, the trial court erred in concluding that interest accrued from the date of our prior opinion. Similar to **Osial**, it appears that the trial court here attempted to fashion an equitable remedy by finding that the interest should accrue from the date of this Court's decision. **See Osial**, 803 A.2d at 215-16. However, nothing in our prior opinion disturbed the master's overall finding that Husband owed Wife $30,382.50. **See Chen**, 100 A.3d at 590-91 (affirming that the 2011 agreed order was binding), 592 (vacating the attorney's fees under Section 5339 based, in part, on a discussion of Husband's filings in the custody matter), 593 n.8 (declining to address the master's determination of $5,000.00 in attorney's fees). Therefore, we conclude that the trial court erred in finding that interest accrued from September 2, 2014. **See Osial**, 803 A.2d at 215-16; **accord Printed Terry Finishing Co. v. City of Lebanon**, 399 A.2d 732, 734 (Pa. Super. 1979) (stating that an unsuccessful appeal taken by a losing party does not suspend the accrual of interest).

Lastly, we find no merit to Wife's contention that interest should accrue from January 17, 2012, the date the master determined the judgment should become effective. Because Section 8101 states that a judgment bears interest

- 15 -

from the time of a "verdict or award," we discern no basis to conclude that Wife was entitled to interest based on a judgment made retroactive to the actual award.[4]   Rather, in light of the 2011 agreed order and the plain language of Section 8101, we conclude that interest began to accrue from the date of the master's award on February 6, 2013.

Accordingly, we affirm the trial court to the extent it awarded Wife interest.  However, we are constrained to vacate the order and remand this matter for the entry of a new order calculating interest from the date of February 6, 2013.

**Attorney's Fees**

In his appeal, Husband claims that the trial court's determination of attorney's fees was arbitrary and capricious in light of the fact that Wife, in 2013, requested more attorney's fees, but received a lesser amount from the master than in the current phase of litigation.  Husband's Brief at 8.  Husband also argues that the trial court did not state whether it awarded attorney's fees to Wife for expenses incurred after he paid Wife $30,382.50 on September 20, 2018.  *Id.*  Notably, Husband does not contest the trial court's

_____

[4] We acknowledge that Wife maintains that Husband is bound to the master's decision to make his award effective as of December 17, 2012, because he did not challenge that aspect of the master's decision.  However, Wife cites no case law supporting her argument that interest under Section 8101 should run from a time before a "verdict and award."  To the contrary, she concedes that the master arguably "erred in making the judgment effective as of December 17, 2012, because Husband could not have known that a judgment was entered against him prior to the actual decision entering the judgment." Wife's Brief at 23.

determination that attorney's fees were appropriate, but rather challenges the amount of the award. ***See id.***

In her appeal, Wife asserts that under Section 3502(e), the trial court may award attorney's fees as a sanction for contempt. Wife's Brief at 25. Wife further argues that under 42 Pa.C.S. § 2503, the trial court may award attorney's fees "as a sanction 'for dilatory, obdurate or vexatious conduct during the pendency of a matter' . . . ." ***Id.*** at 26 (quoting 42 Pa.C.S. § 2503(7), (9)).

Wife contends that Husband's conduct was "not only contemptuous, but in bad faith, vexatious, obdurate, and clearly designed to ensure that Wife incurred substantial legal fees in pursuit of any payment owed by him in divorce." ***Id.*** at 28. Wife emphasizes that Husband "made no effort to attempt to pay any part of the equitable distribution award." ***Id.*** Wife notes that Husband was able to buy a new residence and then attempted to sell the former marital property before paying the equitable distribution award. ***Id.*** at 28-29. Wife claims that

> the trial court abused its discretion by awarding Wife less than a third of the fees and costs actually incurred by her. By only directing Husband to pay $7,500 of the $23,398.63 of fees and expenses incurred by Wife, the trial court in essence virtually deprived Wife of . . . the judgment that was awarded to her in equitable distribution. There simply is no justification for not shifting the entirety of Wife's fees onto Husband, who delayed payment of the amount due to Wife in equitable distribution for more than five years, whose conduct was unreasonable, vexatious and obdurate during the proceedings and who repeatedly raised frivolous and unsupportable positions regarding his obligation to pay Wife what was due to her. It was Husband's conduct that was

the proximate cause of Wife incurring unnecessary legal fees and costs and as such, Husband should bear the cost of his improper behavior.

*Id.* at 29-30.

"Our standard of review of an award of attorneys' fees is well settled: we will not disturb a trial court's determinations absent an abuse of discretion." ***Miller v. Miller***, 983 A.2d 736, 743 (Pa. Super. 2009) (citation omitted). An abuse of discretion is "[n]ot merely an error of judgment, but if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." ***Habjan v. Habjan***, 73 A.3d 630, 642 (Pa. Super. 2013) (citation omitted).

As indicated above, Section 3502(e)(7) authorizes a court to award attorney's fees when a party has failed to comply with an order of equitable distribution to effect compliance. 23 Pa.C.S. § 3502(e)(7). Furthermore, 42 Pa.C.S. § 2503 states:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> \* \* \*
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
>
> \* \* \*
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503(7), (9); *see also Verholek v. Verholek*, 741 A.2d 792, 799 (Pa. Super. 1999) (noting that a party in a domestic relations action may be awarded attorney's fees when the other "party engages in dilatory, obdurate, or vexatious conduct during the pendency of a matter" (citation omitted)).

Generally, when considering whether a request for attorney's fees is reasonable, a court may consider:

> the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in h[er] profession; the results [s]he was able to obtain; [and] the ability of the client to pay a reasonable fee for the services rendered . . . .

*Isralsky v. Isralsky*, 824 A.2d 1178, 1192 (Pa. Super. 2003) (citation omitted).

Instantly, Wife submitted to the trial court a certificate of counsel fees listing expenses from December 12, 2016 through January 10, 2019.[5] Those expenses totaled $23,934.13. The trial court determined that Husband owed Wife $7,500.00 in attorney's fees, reasoning that

> [p]arenthetically, a review of the Master's February 6, 2013 Decision indicates Wife provided a comprehensive breakdown of her attorney's fees at that time in the amount of $28,204.71. The Master recommended that Husband pay Wife the sum of only

---

[5] The record does not contain Wife's counsel's certification of expenses. However, Wife included a copy in her reproduced record, and Husband has not challenged the accuracy of the copy of the certificate.

$5,000 (which was added to Wife's equitable distribution share of $25,382.50 for a total of $30,382.50). Notably, Wife did not file Exceptions nor did she otherwise challenge the Master's determination on counsel fees at that time. The Master clearly determined that only $5,000 of the $28,204.71 attorney's fees was a reasonable award based on the fees incurred by Wife at the time.

In support of Wife's instant request, her counsel submitted a Certificate of Counsel Fees which recorded costs incurred from December 12, 2016 through January 10, 2019 for the aforementioned sum of $23,934.13 in consideration of the protracted proceedings whereby Husband agreed to pay the principal judgment and interest, and then reneged upon said agreement.

However, the [trial c]ourt is not obligated to accept and award a "dollar-for-dollar" reimbursement based on the Certificate of Counsel Fees. Rather, the [trial c]ourt is called upon to evaluate the amount being requested in conjunction with the overall claim, and use its discretion in fashioning an award it believes to be reasonable under the specific circumstances of the case.

Upon review of said Certificate of Counsel Fees, the [trial c]ourt determined that in order to promote the fair administration of justice, Wife was entitled to counsel fees to enforce the Divorce Decree and Order and should not be placed at a financial disadvantage to do so. Mindful of the Master's 2013 Decision awarding $5,000 in attorney's fees based on a request for $28,204.71, the undersigned awarded Wife $7,500 based on a request for $23,934.13.

In reaching this conclusion, the undersigned was also mindful of the fact that Wife would also be receiving the legal interest on the principal judgment of $30,382.50 for a four-year time period, which did not, in reality, represent any actual out-of-pocket expenses.

Trial Ct. Op. at 26-27.

We conclude that the trial court's stated reasons for awarding Wife $7,500.00 in attorney's fees lack a focused consideration of relevant factors. Here, the trial court discussed two factors, the master's prior decision on

- 20 -

attorney's fees and the interest Wife accrued on the unpaid equitable distribution award. The master's prior determination of attorney's fees may have some relevance as to the reasonableness of the fees sought. However, reference to the master's prior determination alone does not evince a meaningful consideration of the guidelines set forth in *Isralsky*.

Moreover, in balancing Wife's request for attorney's fees against post-judgment interest, the trial court apparently conflated the functions of post-judgment interest and attorney fees. Post-judgment interest is not a windfall, but intends, in part, to compensate a party for the loss of the use of money owed until the money is paid. *See Lockley*, 66 A.3d at 327 (noting post-judgment interest compensates the judgment creditor for the loss of use of the money until the judgment is paid). A trial court, however, may assess reasonable attorney's fees to enforce compliance with an equitable distribution award or to sanction dilatory, obdurate, or vexatious conduct. *See Habjan*, 73 A.3d at 643 (noting attorney's fees under Section 3502(e) were proper when party failed to comply with equitable distribution and the other party incurred attorney's fees to pursue enforcement); *Verholek*, 741 A.2d at 799 (Pa. Super. 1999) (noting trial court may award attorney's fees under Section 2503 for dilatory, obdurate, or vexatious conduct).

Therefore, we find at least some merit to both Husband and Wife's appellate arguments. There is no dispute that Wife is entitled to attorney's fees. However, the trial court's opinion provides little basis for this Court to review the trial court's award of attorney's fees based on potentially relevant

factors, such as the continuing need for enforcement after Husband paid Wife the underlying equitable distribution judgment, Husband's conduct throughout this most recent round of litigation, or the overall reasonableness of Wife's counsel's fees. We acknowledge that our review of the trial court's grant of attorney's fees is limited. **See Miller**, 983 A.2d at 743. However, under the circumstances of this case, we are constrained to conclude that the trial court has not stated a reasoned basis for its award of $7,500.00 in attorney's fees. Accordingly, we vacate the trial court's calculation of attorney's fees and remand this matter for further consideration by the trial court.

### Summary

For the reasons set forth above, we affirm the trial court to the extent it found Wife was entitled to post-judgment interest and attorney's fees. However, we conclude that the trial court erred in failing to calculate interest on the $30,362.50 equitable distribution award from February 6, 2013. We further conclude that the trial court's stated reasons for awarding Wife $7,500.00 in attorney's fees, while evidencing the trial court's attempt to reach a fair outcome, did not provide an adequate basis for its determination.[6] Therefore, we vacate the trial court's order in part and remand this matter for further consideration consistent with this memorandum.

---

[6] We emphasize that our decision is limited to the reasons set forth by the trial court as to the amount of attorney's fees. We express no opinion as to what the appropriate amount of attorney's fees should be in this case.

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judge Colins joins the memorandum.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/20